TITUS, Respondent, *v.* ANACONDA COPPER MIN. CO.,
Appellant.

(No. 3,281.)

(Submitted May 24, 1913.   Decided June 28, 1913.)

[133 Pac. 677.]

*Personal Injuries—Master and Servant—Defective Appliances—
Complaint—Sufficiency—Assumption of Risk—Contributory
Negligence—Evidence—Repairs After Injury—Cross-exami-
nation—Curing Error.*

Personal Injuries—Complaint—Sufficiency.
    1.   Complaint in an action by a stationary engineer to recover damages
    for injury to his hand while in the discharge of his duties, *held* not
    open to attack on the ground of being ambiguous and unintelligible,
    nor on the ground that it appeared therefrom that at the time he was
    injured he knew of the defect in the machinery which was the cause
    of the accident.

Same—Defective Appliances—Repairs After Injury—Evidence—Admissi-
bility.
    2.   Evidence of repairs on machinery after an accident was not ad-
    missible to show prior negligence, but was properly admitted as
    throwing light upon its condition when the injury to plaintiff's hand
    occurred.

Same—Evidence—Instruction to Disregard—When Improper.
    3.   Where evidence was admissible for the purpose stated by counsel
    for the party introducing it, although inadmissible for another, a
    request that the court instruct the jury to disregard it entirely was
    properly refused.

Same—Cross-examination—Undue Restriction—Curing Error.
    4.   Alleged error in unduly restricting cross-examination was cured by
    the subsequent admission of testimony of the same witness touching
    the matters involved in such cross-examination.

Same—Defective Machinery—Vice-principal—Erroneous Information by—
Assumption of Risk.
    5.   Plaintiff having been informed by defendant's foreman—its vice-
    principal—that if any defect existed in the stationary engine which he
    was employed to run, it was the fault of the loose condition of a
    certain spring, whereas proper investigation would have disclosed that
    the defect was due to another cause, he had a right to rely upon such
    information and was not therefore chargeable with assumption of risk
    in attempting to remedy the supposed defect by tightening the spring,
    in doing which he was injured.

Same—Master Ordering Servant into Dangerous Place—Contributory Negli-
gence.
    6.   Where a vice-principal stated to an engineer upon going on shift
    that if the engine missed, the trouble lay in a loose tension spring, the
    information thus imparted was tantamount to an order to tighten it
    while the engine was in motion, and the rule applied that where a
    servant is ordered into a situation of danger by the master, and in
    obeying the command the former is injured, he is not, as a matter

of law, chargeable with contributory negligence, unless the danger was so glaring that no prudent man would have done the thing even under orders.

*Appeal from District Court, Ravalli County; R. Lee McCullough, Judge.*

Action by Ezra D. Titus against the Anaconda Copper Mining Company. From a judgment for plaintiff and from an order denying it a new trial, defendant appeals. Affirmed.

*Messrs. R. A. O'Hara,* and *Henry C. Stiff,* for Appellant, submitted a brief; *Mr. Stiff* argued the cause orally.

The complaint is ambiguous, unintelligible and uncertain in that the cause of the injury cannot be determined therefrom, whether it was due to the defective condition of the engine, of which plaintiff alleges full knowledge, or whether it was due to the fact that the foreman or his associate engineer had told him that there was nothing the matter with the engine, except that the spring might be loose. And, if to the latter proposition, it being pleaded that the spring was not loose, no causal connection between the statement that the spring might be a little loose and the injury is made to appear. The complaint, on the whole, does not state a cause of action. The plaintiff, according to the allegations of his complaint, knew of the exact defect that caused his injury and cannot recover. (Bailey on Personal Injuries, 2d ed., 1068.)

The error in admitting this evidence of repairs and changes after the accident becomes apparent from the rule that the mere fact that after the accident the defendant took precaution to prevent a repetition of the same is inadmissible as evidence of negligence at the time, or that the premises or appliances were not in a proper condition. (*Id.* 2096; *Limberg* v. *Glenwood Lumber Co.,* 127 Cal. 598, 49 L. R. A. 33, 60 Pac. 176.)

Improper limiting of cross-examination of Howley: This witness had been sworn on behalf of the plaintiff, and had testified on direct examination: "I did not know what was the matter with the steel. * * * I didn't know at the time that it was soft steel, that I was working with"—and on cross-exami

nation it was sought to broaden the testimony of the witness regarding the character of the die, the cutting of the same and the character of the engine. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884.)

The plaintiff assumed the risk. He alleges that he knew of the particular defect causing the injury, and although he notified the defendant of same, no effort was made to repair it, nor was any promise to repair given. This presents a case within the rule laid down in *Coulter* v. *Union Laundry Co.,* 34 Mont. 590, 87 Pac. 973, where this court cites with approval the language of the supreme court of California in *Limberg* v. *Glenwood Lumber Co., supra.* (See, also, *Molt* v. *Northern Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809.) It is insufficient for plaintiff to show only an accident and his resulting injury. (*Gleason* v. *Missouri R. P. Co.,* 42 Mont. 238, 112 Pac. 394, 128 Pac. 586.) And we submit that this is all that plaintiff has proved in this case.

*Messrs. Baker & Kurtz,* and *Mr. C. S. Wagner,* for Respondent, submitted a brief; *Messrs. E. C. Kurtz* and *Wagner* argued the cause orally.

Assumption of risk: The facts and circumstances in this case, given rational consideration, exculpate respondent from assumption of risk. (See *McAllister* v. *Rocky Ford Coal Co.,* 45 Mont. 433, 123 Pac. 696; *Toone* v. *J. P. O'Neill Const. Co.* (Utah), 121 Pac. 10; *Leary* v. *Anaconda Copper Min. Co.,* 36 Mont. 157, 92 Pac. 477.) When the master mechanic directed respondent to run the engine until morning, when he would fix it, the master mechanic assumed the risk. (*Diehl* v. *Swett-Davenport Lumber Co.,* 14 Cal. App. 495, 112 Pac. 561; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Allen* v. *Bell,* 32 Mont. 69, 79 Pac. 582; *Beseloff* v. *Strandberg,* 62 Wash. 36, 113 Pac. 250; *Carleton Min. & Mill Co.* v. *Ryan,* 29 Colo. 401, 68 Pac. 279; *Kopacin* v. *Crown-Col. Pulp & Paper Co.* (Or.), 125 Pac. 281; *McKee* v. *Tourtelottee,* 167 Mass. 69, 48 L. R. A. 542, and note, 44 N. E. 1071; *Benson* v. *English Lumber Co.,* 41 Wash. 616, 129 Pac. 403; *Choctaw, O. & G. R. Co.* v. *Jones,* 77 Ark. 367, 7 Ann. Cas. 430, 4 L. R. A. (n. s.) 837, 92 S. W. 244.)

Contributory negligence: Ordinarily the question of contributory negligence is a question of fact for the jury, and it is rare indeed that the court may say, as a matter of law, that plaintiff is guilty thereof. Some of the cases cited under the head of assumption of risk, above, discuss the question, and to those cases we again refer. (See, also, *McCabe* v. *Montana Cent. Ry. Co.,* 30 Mont. 323, 76 Pac. 701.) "Where a master orders a servant into a situation of danger, and in obeying the command he is injured, the law will not charge him with contributory negligence, or with an assumption of risk, unless the danger was so glaring that no prudent man would have encountered it, even under orders of one having authority over him." (*Wurtenberger* v. *Metropolitan St. Ry. Co.,* 68 Kan. 642, 75 Pac. 1049.) To the same effect see *Kelley* v. *Fourth of July Min. Co.,* 16 Mont. 484, 41 Pac. 273; *Carleton Min. & Mill Co.* v. *Ryan, supra.* Under the facts in this case, which disclose that the bracket had been broken and repaired, it became the duty of the master, since he permitted it to remain on the engine, knowing that the bolts which held the broken parts together might work loose, to exercise extra precaution and vigilance to protect its employees from hidden dangers. "The obligation to make an examination for concealed defects is especially strong where an appliance has been injured in parts open to view, and there is strong probability that the same accident may have weakened it in other places." (*Vanyi* v. *Portland Flouring Mills Co.* (Or.), 128 Pac. 830.) "Where the servant is injured as the result of an act done by him under an impulse or on belief created by a sudden danger caused solely by the master's negligence, he is not to be regarded as guilty of contributory negligence." (26 Cyc. 1274-g.)

The doctrine of the *Pullen Case* (*Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878) appears to be sound in principle and is well supported by authorities from other jurisdictions. "When, in an action for personal injuries, the condition of machinery, appliances, or places for work, as they appeared within a reasonable time after the accident, warrants an inference as to the conditions existing at the time of the accident, such condition may be given in evidence." (26 Cyc. 1427-c; *Kath* v. *East St. Louis*

*etc. R. R. Co.,* 232 Ill. 126, 83 N. E. 533; *Stoddola* v. *Cedar Rapids etc. Ry. Co.,* 152 Iowa, 37, 131 N. W. 38; *Boyd* v. *Taylor,* 207 Mass. 335, 93 N. E. 589; *Landers* v. *Quincy etc. Ry. Co.,* 156 Mo. App. 580, 137 S. W. 605; *Blevins* v. *Erwin Cotton Mills Co.,* 150 N. C. 493, 64 S. E. 428; *Missouri etc. Ry. Co.* v. *Williams,* 103 Tex. 228, 125 S. W. 881; *Gustafson* v. *A. W. West Lumber Co.,* 51 Wash. 25, 97 Pac. 1094; *Brunger* v. *Pioneer Roll Paper Co.,* 6 Cal. App. 691, 92 Pac. 1043.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff was employed by the defendant company as a stationary engineer, and while in the discharge of his duties was injured. He brought this action to recover damages. In his complaint he describes somewhat minutely certain working parts of the engine, and alleges that a bracket which supported a valve-rod, on the end of which rod was a clutch designed to engage and raise the dash-pot rod, had been broken; that it had been repaired and kept in use until it became loose, rickety, unstable and failed properly to perform its function, with the result that the valve-rod and clutch, no longer kept in place, also failed to perform their duties; that this defect in the bracket was known to the defendant company, or should have been known to it, but that such defect was latent, unknown to the plaintiff and undiscoverable in the exercise of ordinary care while the engine was running; that there was a tension spring attached to the clutch for the purpose of regulating the contact of the clutch with the dash-pot rod; that on August 5, 1908, when plaintiff went to work, he was informed by the defendant's foreman, who was then in charge of the engine, that the machinery was in proper working condition, except, perhaps, that the tension spring was loose; that this information was false and misleading but believed by the plaintiff to be true, and was relied upon by him; that when the clutch failed to attach to the dash-pot rod, he, relying upon the information given him by the foreman, undertook to tighten the spring while the engine was running, with the result that his hand was caught in the machinery and cut and injured, and that

his injury was caused proximately by the broken and defective condition of the bracket.   The defendant interposed a demurrer and motion to strike, and, these being overruled, answered denying the allegations of its negligence and pleading contributory negligence and assumption of risk.   Upon these affirmative pleas there was issue by reply.   The trial of the cause resulted in a verdict for the plaintiff, and from the judgment entered thereon and from an order denying it a new trial, the defendant appealed.

1. We are unable to agree with counsel for appellant in their analysis of the complaint.   In the statement above we have fairly [1]   epitomized the allegations, and while the pleader might be convicted of prolixity, the essential facts necessary to a statement of the cause of action are not difficult to detect.   Terseness of expression is a most refined accomplishment, but it cannot be enforced as a rule of pleading.

Counsel for appellant err in construing an allegation of knowledge at the time the complaint was prepared into an admission of knowledge at the time the injury occurred.   A careful reading of the complaint makes clear the plaintiff's meaning.

2. Over the objection of defendant, evidence was introduced [2]   of certain things done by the defendant after the accident, in the nature of repairs and replacements.   Upon the submission of the cause defendant requested an instruction withdrawing this evidence from the consideration of the jury altogether.   The request was denied and error is predicated upon the ruling.   It is elementary that evidence of repairs or improvements is not evidence of prior negligence.   The plaintiff assumed the burden in this instance of showing (a) that the bracket was out of repair at the time he was injured, and (b) that such condition was due to the defendant's negligence.   While evidence of the condition of the bracket on the day following the injury would not tend to prove negligence, it might throw light upon the condition of the bracket when the injury occurred, and for this purpose the evidence was admissible.

In support of their contention that error was committed, counsel for appellant cite *Limberg* v. *Glenwood Lumber Co.,* 127 Cal. 598, 49 L. R. A. 33, 60 Pac. 176.   That case was decided

upon the authority of *Sappenfield* v. *Main St. etc. Ry. Co.*, 91 Cal. 48, 27 Pac. 590. In each of these cases the court proceeded upon the theory that the only purpose for which the evidence of after-repairs was offered was to prove prior negligence. However, in the later case of *Dow* v. *Sunset T. & T. Co.*, 157 Cal. 182, 106 Pac. 587, the same court clearly distinguishes between the rule which excludes evidence of after-repairs as proof of prior negligence, and the rule which admits evidence of defective condition after the injury, as tending to prove the like condition at the time of the injury.

In 3 Bailey on Personal Injuries, second edition, section 782, page 2101, it is said: "So the fact that a defective appliance was repaired after an accident may be shown upon the question of what was broken, and how, and what was wanting, although improper for the purpose of showing the employer was negligent in not making repairs and alterations before the accident."

When the evidence was offered, counsel for plaintiff announced: "This is for the purpose of showing that the bracket [3] absolutely was unstable and rickety at the time Mr. Titus was hurt. We propose to show the next day that they propped it up with a block of wood." For the purpose indicated the evidence was admissible. (*Pullen* v. *City of Butte*, 45 Mont. 46, 121 Pac. 878, approving *Dow* v. *Sunset T. & T. Co.*, above.) Instead of requesting the trial court to charge the jury to disregard the evidence, the defendant should have asked for an instruction limiting the effect of such evidence. Having failed to make a proper request, it cannot complain that the court refused their erroneous instruction.

3. Complaint is made that counsel for defendant were re- [4] stricted unduly in their cross-examination of the witness Howley. The record discloses, however, that the same witness was thereafter called by the defendant and testified at length as to the matters involved in his cross-examination while a witness for plaintiff; so that if any error was committed, it was error without prejudice. It is idle for counsel to appeal to this court for a reversal upon a bare *apex juris.*

4. It is urged that this record discloses that in attempting to [5] tighten the spring, plaintiff assumed the risk of injury. If his act had been entirely voluntary, there might be some ground for this contention; but it appears that when plaintiff went on shift he was informed by the foreman, who was then, and had been during the preceding shift, in charge of this engine, that if there was anything the matter with the engine causing it to miss, the fault was in the loose spring. Plaintiff had a right to rely upon this information coming from one whose business it was to know, and he testified that he did so. Under the circumstances as here disclosed the foreman in effect substituted his own judgment for that of the plaintiff, and the defendant company must bear the responsibility for the consequence of the error of its vice-principal due to his negligence in failing to make investigation which would have disclosed the true nature of the trouble. (4 Labatt's Master and Servant, 2d ed., secs. 1373–1375; *Toone* v. *O'Neill Constr. Co.* (Utah), 121 Pac. 10.) The question of assumption of risk properly went to the jury.

5. Plaintiff's situation was not materially different from what [6] it would have been had the foreman specifically ordered him to attempt to tighten the tension spring with his fingers while the engine was in motion. The evidence is all to the effect that if the trouble had been caused by a loose tension spring, it could have been cured safely by the method adopted by the plaintiff. The real difficulty was with the loose bracket, and because of the engine's vibration, this could not be discovered while the engine was running under a load. Under these circumstances the plaintiff may properly invoke the rule that if the master orders the servant into a situation of danger, and in obeying the command he is injured, the law will not charge him with contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, even under orders from one having authority over him." (*Wurtenberger* v. *Metropolitan St. Ry. Co.*, 68 Kan. 642, 75 Pac. 1049.)

The other alleged errors do not demand separate consideration. The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.