MIDDLEFORK CATTLE CO., Appellant, *v.* TODD, Respondent.

(No. 3,201.)

(Submitted May 26, 1914. Decided June 3, 1914.)

[141 Pac. 641.]

*Default Judgments—Vacation—Principal and Agent—Fraud —Brokers—Complaint—Sufficiency.*

Default Judgments—Vacation—Finding of Trial Court—Conclusive, When.
1. Where the disputed questions of fact presented by affidavits filed in support of, and in opposition to, a motion to open a default, are of such character as to leave the trial court in a more advantageous position in considering them than is the supreme court in reviewing the order granting the motion, the finding of the lower court is conclusive.

Brokers—Fraud—Complaint—Sufficiency.
2. *Held* that a complaint alleging that plaintiff employed defendant to sell land for a certain sum at a given commission; that defendant falsely represented to plaintiff that in order to effectuate a sale the selling price would have to be lowered; that this was believed by plaintiff who thereupon executed a deed for such reduced consideration; that at the time such representation was made defendant had negotiated a sale at the price originally fixed; that plaintiff was thus defrauded out of the difference between the original selling price and the amount actually received by him; and that he had made demand upon defend-

(259)

ant for restitution but had been refused,—was sufficient to constitute a cause of action.

[As to actions to recover for false representations, see note in 18 Am. St. Rep. 555; and as to same in connection with sales of real estate, see note in 2 Am. Dec. 77.]

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Middlefork Cattle Company against Ira E. Todd. From an order vacating a default judgment, plaintiff appeals. Reversed.

*Messrs. Freeman & Thelen,* for Appellant, submitted a brief; *Mr. Jas. W. Freeman* argued the cause orally.

*Messrs. J. W. Speer* and *F. A. Ewald* submitted a brief in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On August 30, 1911, the Middlefork Cattle Company commenced an action in the district court of Cascade county against Ira E. Todd. Personal service of the summons was made on September 15, and on October 9 the default of defendant for want of an appearance was entered, and on October 13 a judgment was rendered in favor of the plaintiff agreeably to the prayer of the complaint. Defendant immediately made a motion to set aside the judgment, open the default, and permit an answer to be filed. The motion was supported by affidavits, and a proposed answer was tendered. A counter-affidavit was presented by counsel for plaintiff, and on February 20, 1912, the district court entered its order as follows: "It appears to the court that defendant has not shown that judgment was entered against him through his mistake, inadvertence, surprise or excusable neglect; but it further appears to the court that the complaint does not state facts sufficient to constitute a cause of action against the defendant, and does not support the judgment. It is therefore ordered that said motion be, and the same

is hereby, sustained, and that said default be, and the same is hereby, set aside, and that judgment entered in said action be, and the same is hereby, vacated." From that order, plaintiff appealed.

Counsel for respondent invoke the rule that, if the decision of the court was correct for any reason, it will be sustained, even though the particular reason assigned in the order is erro- [1] neous. The disputed questions of fact presented by the affidavits are of such character that we are not in the same advantageous position in considering them as was the trial court, and, for this reason, the finding is conclusive against the defendant upon this appeal. Aside from the disputed questions of fact, counsel for defendant in their affidavits do not present any legal excuse for the default. They merely disclose that they prepared a demurrer in time, but neglected to file it.

It is unfortunate that the learned trial judge did not indicate [2] the particulars in which he deemed the complaint insufficient. We have given it careful consideration, and are unable to discover any fatal defect. Stripped of its legal phraseology and repetition, and reduced to plain, terse English, the complaint charges (a) that plaintiff employed defendant, a real estate agent, to sell certain lands for it for $8,000, upon a commission of five per cent of the selling price; (b) that defendant thereafter represented to plaintiff that he could secure for the land only an amount sufficient to net plaintiff $6,650, which would be upon the basis of a total selling price of $7,000; (c) that this representation was false and fraudulent, but was believed by the plaintiff to be true, and, relying upon it, plaintiff agreed to the sale and executed a deed reciting a consideration of $7,000 as the purchase price, and accepted the sum of $6,650 as its share; (d) that in truth and in fact, at the time the representation was made, defendant had already negotiated a sale of the property for $8,000, and thereafter consummated such sale and received the extra $1,000 for his own use and benefit, or to the use and benefit of some other person, and thereby defrauded the plaintiff out of that sum; (e) a demand upon defendant to pay over this $1,000, and his refusal. If

these facts do not state a cause of action, they ought to. It
does not require any knowledge of the law to convince one that
plaintiff should prevail if these facts are true, and, for the pur-
poses of the motion, they are deemed to be true. Common hon-
esty denies to an agent the right to profit at the expense of his
principal by chicane and misrepresentation. If there are any
instances wherein the law and justice are out of harmony, this
is not one of them, for the courts are of one opinion in declar-
ing that the unfaithful agent under such circumstances shall be
made to disgorge the amount of profit so wrongfully realized.
(*Hewitt* v. *Young,* 82 Iowa, 224, 47 N. W. 1084; *McNutt* v.
*Dix,* 83 Mich. 328, 10 L. R. A. 660, 47 N. W. 212; *Bain* v.
*Brown,* 56 N. Y. 285; *Blanchard* v. *Jones,* 101 Ind. 542; *Kerfoot*
v. *Hyman,* 52 Ill. 512; *Cutter* v. *Demmon,* 111 Mass. 474; *Den-
son* v. *Stewart,* 15 La. Ann. 456; *Mulvane* v. *O'Brien,* 58 Kan.
463, 49 Pac. 607; 31 Cyc. 1435, 1436.)  This rule is embodied
in our Code, in substance, if not in form.  Section 5437, Re-
vised Codes, provides: "An authority expressed in general
terms however broad, does not authorize an agent:  *  *  *
3. To do any act which a trustee is forbidden to do by Article
II, Chapter I of the last title."  Section 5375, which deals with
the relation of trustee and beneficiary, declares: "A trustee
may not use or deal with the trust property for his own benefit,
or for any other purpose unconnected with the trust, in any
manner."  And section 5380 provides: "Every violation of the
provisions of the preceding sections of this Article is a fraud
against the beneficiary of the trust."

A state of facts very similar to that presented by this com-
plaint was disclosed in *Schoelkopf* v. *Leonard,* 8 Colo. 159, 6
Pac. 209, and the Colorado court held the complaint sufficient.
It is not of any consequence that plaintiff unnecessarily avers
that the money was paid over by the purchaser through the
Great Falls National Bank.  So long as it is made to appear
that the relationship of principal and agent existed between
plaintiff and defendant, good faith required the agent to ac-
count to the plaintiff for the entire selling price, less the agreed

commission. The defendant was entitled to $400, and the amount of the judgment should be computed accordingly.

The order of the district court is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.