PASCOE, RESPONDENT, *v.* NELSON ET AL., APPELLANTS.

(No. 3,665.)

(Submitted May 13, 1916. Decided June 5, 1916.)

[158 Pac. 317.]

*Personal Injuries—Master and Servant—Rules—Release—New Trial—Misconduct of Counsel.*

Personal Injuries—Master and Servant—What is not Contributory Negligence.

1.   Where plaintiff was ordered on a freight elevator by his foreman and vice-principal of his employer, and in obeying the command was injured, in the absence of evidence that the danger was apparent and so great that no reasonably prudent man would venture into it, he was not guilty of contributory negligence.

Same—Rules—Notice to Servant.

2.   If plaintiff did not know of a rule of his employers warning employees not to ride on a freight elevator, he could not be bound by it; the mere publishing of a rule without insisting upon its observance being insufficient to discharge defendants' obligation in this respect.

[As to warning and instructions to servants engaged in dangerous work, see notes in 1 Am. St. Rep. 28; 1 Am. St. Rep. 548.]

---

For authorities passing on the question of contributory negligence in disobeying rule in obedience to orders of superior, see note in 8 L. R. A. (n. s.) 90. And as to whether or not a servant is bound by rules not known to him, see note in 43 L. R. A. 365.

Same—Release—Question for Jury.

3. Whether payment by the employers of the plaintiff's doctor bills and his regular wages for the time he was incapacitated immediately after his injury was made and accepted as settlement and discharge of any claim which he had for damages arising from his injury, *held* for the jury under the conflicting evidence on the subject.

Appeal and Error—Motion for New Trial—Province of Court—Affidavits—Determination of Facts.

4. Where affidavits were submitted on motion for new trial alleging improper statements of plaintiff's counsel, and counter-affidavits filed putting the allegations in issue, it was the province of the trial court to determine the facts from the conflicting affidavits.

New Trial—Misconduct of Counsel—Duty of Appellant.

5. Where appellants failed to ask the court at the trial to admonish the jury as to alleged improper remarks made by plaintiff's counsel, their motion for new trial on that ground will not be granted.

Personal Injuries—Indemnity Against—Misconduct of Counsel.

6. Where defendants voluntarily made known to the jury that their liability for injuries to their employees was insured against in an indemnity company, plaintiff's counsel cannot be said to have been guilty of misconduct in commenting upon, and making any legitimate deductions from, such evidence.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Arthur Pascoe against George Nelson and Hans Pederson, copartners, doing business as Nelson & Pederson, and another. Judgment for plaintiff and defendants appeal from it and an order denying them a new trial. Affirmed.

*Mr. Jesse B. Roote* and *Mr. H. C. Hopkins,* for Appellants, submitted a brief; *Mr. Hopkins* argued the cause orally.

By the evidence the plaintiff had shown *prima facie* that he was guilty of contributory negligence; and when plaintiff's own case in an action for damages on account of personal injuries presents evidence which shows this, he cannot recover, unless further evidence be produced exculpating him. (*Harrington* v. *Butte, A. & P. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8; *Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905; *Lynes* v. *Northern Pacific R. Co.,* 43 Mont. 317, Ann. Cas. 1912C, 183, 117 Pac. 81; *Longpre* v. *Big Blackfoot Milling Co.,* 38 Mont. 99, 99 Pac. 131; *Prosser* v. *Montana Cent. Ry. Co.,* 17 Mont. 372, 376, 30 L. R. A. 814, 43 Pac. 81; *Meehan* v. *Great Northern R. Co.,* 43 Mont. 72, 80, 114 Pac. 781.)

Where the danger is obvious, imminent or well known to the servant, there can be no recovery from the master where the servant is injured. (*Davis* v. *Western Ry.*, 107 Ala. 626, 18 South. 173; *Coosa Mfg. Co.* v. *Williams*, 133 Ala. 606, 32 South. 232; *Last Chance Min. etc. Co.* v. *Ames*, 23 Colo. 167, 47 Pac. 382; *Duval* v. *Hunt*, 34 Fla. 85, 15 South. 876; *Roul* v. *East Tennessee etc. Ry. Co.*, 85 Ga. 197, 11 S. E. 558; *Bradshaw's Admr.* v. *Louisville etc. R. Co.*, 14 Ky. Law Rep. 688, 21 S. W. 346; *Kean* v. *Detroit Copper etc. Co.*, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; *Smith* v. *St. Paul etc. R. Co.*, 51 Minn. 86, 52 N. W. 1068; *Jones* v. *Galveston etc. Ry. Co.*, 11 Tex. Civ. 39, 31 S. W. 706; *Writt* v. *Girard Lumber Co.*, 91 Wis. 496, 65 N. W. 173.)

In the trial of an action for injury to a servant, it is improper for plaintiff's attorney to state in the presence of a jury that defendants are insured in an employers' liability company. (*Lassig* v. *Barsky*, 87 N. Y. Supp. 425; *Manigold* v. *Black River Traction Co.*, 81 App. Div. 381, 80 N. Y. Supp. 861; *Cosselmon* v. *Dunfee*, 172 N. Y. 507, 65 N. E. 494.)

*Mr. Harry Meyer,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action for damages for personal injuries, plaintiff recovered a judgment for $250, and defendants appealed. It is insisted that plaintiff's own testimony discloses contributory negligence on his part in riding upon a freight elevator in violation of a rule promulgated by his employers. The plaintiff [1] testified that he was ordered on the elevator by the foreman and vice-principal of his employers, and, assuming that the jury accepted this statement as true, then, in the absence of any showing that the danger was apparent and so great that no reasonably prudent man would venture into it, the doctrine announced in *Titus* v. *Anaconda C. M. Co.,* 47 Mont. 583, 133 Pac.

677, is applicable here, *viz.:* "If the master orders the servant into a situation of danger, and in obeying the command he is injured, the law will not charge him with contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, even under orders from one having authority over him."

Whether the employees were warned not to ride upon the [2] elevator, and whether, if the employers adopted the rule relied upon by them, they exercised reasonable care to enforce it, are questions upon which the evidence is contradictory. If the plaintiff knew nothing of the inhibition, he could not be bound by it; and the defendants did not discharge their obligation merely by publishing a rule and then permitting it to be honored only in the breach until it became a dead letter. (*O'Brien* v. *Corra-Rock Island M. Co.*, 40 Mont. 212, 105 Pac. 724.)

The evidence is uncontradicted that defendants paid plaintiff's [3] doctor bill and his regular wages for the time he was incapacitated immediately after his injury, but whether there was any understanding or agreement that these benefits were conferred on the one hand, and accepted on the other, as a settlement and discharge of any claim which plaintiff had for damages arising from his injury, was properly submitted to the jury for determination from the conflicting evidence upon the subject.

"Insufficiency of the evidence to justify the verdict" and "the verdict is against law" are specifications contained in appellants' brief, but not argued further than to again direct our attention to the evidence which appellants insist discloses contributory negligence and a settlement and satisfaction of the claim sued upon.

The principal contention made in the lower court, and here, is that the defendants were prejudiced by remarks made to the jury by counsel for plaintiff in his closing argument. Affidavits [4] were presented by defendants from which it appears that plaintiff's attorney in an attempted explanation of the fact

that he had not called as a witness either of the physicians who attended the plaintiff said, in substance, that defendant Nelson had "seen the doctors first," and had wrongfully induced them not to testify; that Nelson & Pederson had more money than the plaintiff; that the jurors by their verdict should make the plaintiff a Christmas present; and, finally, that the attorney repeatedly impressed upon the jury the fact that the liability of the defendants, Nelson & Pederson, was insured by an indemnity company, which company was really the party defending and the one ultimately liable for any judgment which plaintiff might recover. Counter-affidavits were presented which put in issue all the material allegations concerning the statements made by counsel, except the reference to the indemnity insurance. It was the province of the trial court to determine the facts from the conflicting affidavits. (*Beller* v. *Le Boeuf*, 50 Mont. 192, 145 Pac. 945; *Middlefork Cattle Co.* v. *Todd*, 49 Mont. 259, 141 Pac. 641.) The same judge who tried the cause and heard the argument, who was appealed to by defendants and who admonished plaintiff's counsel, denied a new trial, for the reason that the defendants had not requested the court to instruct the jury to disregard counsel's remarks. To what extent, if at all, the trial court found the charges made against plaintiff's counsel to be true, we are unable to determine. The burden was upon the moving party, the defendants, and we cannot say from the printed record that they sustained it. Assuming, however, that [5] counsel made the remarks attributed to him, a proper admonition to the jury to disregard them ought to have been sufficient. So long as the jury system is in vogue courts must assume that jurors possess sufficient intelligence and force of character to discharge their duty when properly directed. Appellants failed to ask the trial court to admonish the jury, and for that reason the order denying their motion for a new trial should be affirmed.

Appellants' criticism of the argument in so far as it related [6] to the insurance is entirely devoid of merit. In the direct examination of the defendant Nelson he voluntarily made known

to the jury the fact that the liability of himself and his codefendant Pederson for injuries caused to their employees was insured in an indemnity company, and defendants cannot now be heard to say that plaintiff's counsel was guilty of misconduct in commenting upon and making any legitimate deductions from the evidence which was produced by themselves.

The judgment and order are affirmed.

                                                      *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.