[Civ. No. 1701.  First Appellate District.—November 9, 1915.]

MARGARET JANE BEATTY et al., Respondents, v. CLARK COLONY WATER COMPANY (a Corporation), Appellant.

WATER-RIGHTS—CO-OPERATIVE CORPORATION—SUFFICIENCY OF DEMAND FOR WATER.—A demand to be supplied with water sufficient for the irrigation of her land by a stockholder of a co-operative water company composed of owners of lots in a certain subdivision, and organized for the purpose of supplying each of these lots and the owners thereof with a certain amount of water for irrigation during each year, is sufficient as against the objection that it required the water company to perfect its arrangements for the turning in of the water on the lands of the stockholder by December 1st, whereas, by the usage of its water service, this water was not available for irrigation until the following January, as such requirement should be reasonably construed to refer to the doing of such repair and extension work upon the company's pipes and ditches as would make available its water to the lot a sufficient time in advance of the actual date of its use thereon to enable the lot owner to do the necessary checking, ditching and grading on her own premises preparatory to the reception of said water at the usual time.

ID.—MANDAMUS—CONSTRUCTION OF JUDGMENT.—In a proceeding in *mandamus,* in such a case, a judgment which directs the defendant to deliver to the plaintiff on her land at least three different times from the fifteenth day of December of each year to the first day of June of each succeeding year, a volume of water over the whole area of said land nine inches thick each time such delivery is made, is to receive such a reasonable construction and application

to the facts of the particular situation as not to require the defendant to enter upon the lands of the plaintiffs for the doing of any grading or ditching or checking thereon which the plaintiffs, in accordance with the terms of their contract and usages of the locality, ought to do.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

Wyckoff & Gardner, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs and from an order denying a new trial in a proceeding instituted to obtain the issuance of a writ of mandate.

The substantial facts upon which the proceeding was predicated, and which are in the main undisputed, are these: The plaintiff, Margaret Jane Beatty, became in the month of August, 1910, and has since continued to be the owner and in possession as her separate property of lot 232 in Clark Colony, a subdivision of the Rancho Arroyo Seco in the county of Monterey. The plaintiff, James Beatty, being her husband, is joined with her in the action. The defendant, Clark Colony Water Co., is a co-operative corporation composed of the owners of lots in said subdivision, and organized for the purpose of supplying to each of these lots and to the owners thereof a certain amount of water for irrigation during each year. To the owner of each lot in said tract certificates of stock are issued, wherein the corporation agrees to deliver to the owner thereof water for the proper irrigation of his lot or lots so long as the assessments annually levied upon such shares of stock to cover the cost of such delivery are duly paid. The plaintiffs alleged, and the defendant, by its failure to deny the same, admitted that the defendant had been accustomed at all times to distribute water to its stockholders other than these plaintiffs from about the 15th of December of each year up to and about the 1st of June of the succeeding year, in sufficient quantities to each of said stockholders

to fill the checks on the land of each from three to four
different times during each of said irrigating seasons, and to
deliver a volume of water over the whole area of each lot so
irrigated nine inches thick each time said irrigation is made;
and that said amount of water, commonly known as "9 acre
inches of water," delivered each of said three or four times
that said land is irrigated, is necessary sufficiently to irri-
gate during each season the said lands of said Margaret Jane
Beatty. The plaintiffs further alleged and the defendant
denied that on or about the first day of December, 1910, and
many times since, the said Margaret Jane Beatty demanded
of said defendant that it deliver her water sufficient for the
irrigation of her said lots, but that the defendant has refused
and neglected and still refuses and neglects to deliver said
water to her, and that she has received no water whatever
upon her said lot of land; and that as a result thereof she has
been damaged in a specified sum through her inability to
cultivate certain crops thereon requiring such irrigation.

The only two issues raised by the defendant in its answer
involved the sufficiency of the plaintiffs' demand for water
and the question of damages. Upon the hearing in the trial
court the plaintiffs introduced in evidence two written de-
mands for water made upon the defendant, the first of these
having been served on June 30, 1911, and the second on
November 4th of the same year. As to the first of these de-
mands, the objection of the defendant that it embraced de-
mands for the doing of acts in connection with the delivery
of water to the lands of the said plaintiff which the defendant
was not under its stock agreement and by-laws bound to do,
was probably well taken; but the same cannot be said of the
second of these demands. It was drawn by counsel for plain-
tiffs; and, while doubtless prepared with a view to possible
litigation, was couched in general and moderate terms. The
chief objection which the defendant makes to the form of
this demand is that it requires the defendant to perfect its
arrangements for the turning in of the water upon the lands
of said plaintiffs by December 1, 1911, whereas by the usages
of its water service its water is not available for irrigation
until the following January. The defendant further urges
as one of the chief reasons why it did not comply with this
demand that the plaintiffs had made no preparation by checks
or ditches or necessary grading on their own land to receive

the water, and particularly that a certain portion of the lot
lying a foot or so higher than the level of the defendant's
ditches had not been graded down so as to permit the flow
of the water over the entire area of the land. These objec-
tions appear to be strained and captious, and not to be in
keeping with the co-operative character of the relation be-
tween the parties. The evidence discloses that the plaintiffs
were earnestly and apparently in good faith seeking to secure
the water for their lot to which they were clearly entitled.
The requirement in their demand that the defendant perfect
its arrangements for turning in such water by December 1st
should be reasonably construed to refer to the doing of such
repair and extension work upon the company's pipes and
ditches as would make available its water to this lot of land
a sufficient time in advance of the actual date of its use
thereon to enable the plaintiffs to do the necessary checking,
ditching, and grading on their own premises preparatory to
the reception of said water at the usual time. The defend-
ant's objection that the plaintiffs had not done this prepara-
tory work prior to the inception of any work on their own
part to put their pipes and ditches in order, is answered by
the fact that on a prior occasion certain lands of the plain-
tiffs had been so prepared, and that no water had been deliv-
ered. Had the defendant displayed any activity in the way
of preparing to deliver its water in response to this latter
demand, it might well be that the plaintiffs would at once
have put their premises in order for its reception; and even
if they had not done so theirs and not the defendant's would
have been the loss in waste of water. The findings of the
court as to the sufficiency of the plaintiffs' demand, and the
refusal of the defendant to comply with it, are, we think, fully
sustained by the proofs in the case.

The judgment of the court which directs the defendant
to deliver to the plaintiff, Margaret Jane Beatty, on her said
land at least three different times from the fifteenth day of
December of each year to the first day of June of each suc-
ceeding year, a volume of water over the whole area of said
land nine inches thick each time such delivery is made, is
to receive such a reasonable construction and application to
the facts of the particular situation as not to require the
defendant to enter upon the lands of the plaintiff for the
doing of any grading or ditching or checking thereon which

the plaintiffs, in accordance with the terms of their contract and the usages of the locality, ought to do. So construed it is susceptible of being carried into practical effect by the defendant, and is not subject to the objections which are urged against it upon this appeal.

We are therefore of the opinion that that portion of the judgment from which the defendant has appealed should be affirmed; and as to that portion thereof the defendant's motion for a new trial was properly denied.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1916.