[Civ. No. 1704.    First Appellate District.—November 9, 1915.]

JAMES BEATTY et al., Appellants, v. CLARK COLONY WATER COMPANY (a Corporation), Respondent.

WATER-RIGHTS—CO-OPERATIVE COMPANY—FAILURE TO DELIVER WATER—MANDAMUS—DAMAGES.—In a *mandamus* proceeding to compel a co-operative water company to deliver water to a stockholder, where it is determined that a mandate should issue for the purpose sought, plaintiffs are also entitled to damages for the refusal to deliver such water after proper demand therefor.

APPEAL from a judgment of the Superior Court of Monterey County.    B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellants.

Daugherty & Lacey, for Respondent.

RICHARDS, J.—This is an appeal on behalf of the plaintiffs from that portion of a judgment which, while directing the issuance of a writ of mandate in their favor, declines to award the plaintiffs damages accruing by reason of the re-

fusal of the defendant to do the acts which the writ is issued to compel.

In the case of *James Beatty* v. *Clark Colony Water Co.* (No. 1702), *ante*, p. 749, [153 Pac. 990], this day decided, this court has affirmed that portion of said judgment, directing the issuance of the writ of mandate, and in doing so has referred generally to the facts of the case in *Margaret Jane Beatty* v. *Clark Colony Water Co.* (No. 1701), *ante*, p. 745, [153 Pac. 989], which are practically the same as those in the case at bar. In addition to the facts there referred to, it may be stated that the practically undisputed evidence in this case discloses that if the plaintiffs were entitled to a writ of mandate, compelling the delivery of water for irrigating purposes upon their land, they were also entitled to damages as a result of the failure, refusal and neglect of the defendant to deliver such water during an entire irrigating season after a seasonable and proper demand for the same, and hence that the trial court was in error in declining to award damages in some amount to the plaintiffs after a finding in their favor upon the main issues in the case.

It follows that that portion of the said judgment from which the plaintiffs have appealed should be reversed, with instructions to the trial court to try anew the issue as to damages. And it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1916.