STATE EX REL. GOLDEN VALLEY COUNTY, RELATOR, v.
DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,832.)

(Submitted October 27, 1925. Decided December 23, 1925.)

[242 Pac. 421.]

*Mandamus—Damages—When Deemed Waived—Judgment Conclusive of What—Surplusage.*

Statutory Construction—Rule.

1. A statute must be so construed as to give effect to all its parts and no part of it held inoperative if reasonably possible to hold it operative, and of two admissible constructions courts are never justified in adopting the one which defeats its manifest object.

*Mandamus*—Damages—When Deemed Waived.

2. Under section 9858, Revised Codes of 1921, as amended by Chapter 5, Laws of 1925, *held* that where the applicant for a writ of mandate claims damages he must allege them in his application, or file a bill of particulars in the proceeding before conclusion of the hearing, and submit proof; otherwise damages are deemed waived and the court after final judgment entered is without jurisdiction to make award thereof in the proceeding.

Judgment—Conclusive as to What.

3. An adjudication is final and conclusive not only as to the matter actually determined, but as to every matter which the parties might have litigated and have decided as an incident to, or essentially connected with, the subject matter of the litigation.

*Mandamus*—Judgment Conclusive of All Rights of Relator—Reserving Right to Recover Damages Surplusage.

4. *Mandamus* being an action at law, judgment therein is conclusive of all of relator's rights properly involved therein; hence inclusion of a clause in the decree that it was given without prejudice to his right to recover the damages sustained by him on account of the proceeding was surplusage.

---

Actions, 1 C. J., sec. 280, p. 1109, n. 78, 79.

Costs, 15 C. J., sec. 764, p. 310, n. 76.

[1] Statutes, 36 Cyc., p. 1106, n. 29; p. 1111, n. 58; p. 1112, n. 75; p. 1115, n. 2; p. 1128, n. 58.

[2] *Mandamus*, 38 C. J., sec. 6, p. 543, n. 45; sec. 702, p. 927, n. 28, 29, 29 New; sec. 703, p. 927, n. 38 New; sec. 704, p. 928, n. 39 New; sec. 756, p. 952, n. 8; sec. 764, p. 955, n. 60.

[3] Judgment, 34 C. J., sec. 1217, p. 797, n. 65, 66; sec. 1312, p. 902, n. 92; sec. 1329, p. 921, n. 78; sec. 1333, p. 929, n. 3.

[4] *Mandamus*, 38 C. J., sec. 6, p. 543, n. 45; sec. 702, p. 927, n. 29 New.

1. See 25 R. C. L. 1004.

3. Judgment in *mandamus*, as bar to all issues which might have been litigated, see note in Ann. Cas. 1913B, 541. See, also, 15 R. C. L. 969.

Original application for writ of prohibition by the State on the relation of Golden Valley County, directed to the District Court of the Fifteenth Judicial District, and Stanley E. Felt, one of its judges. Writ issued.

*Mr. Henry C. Smith*, for Relator, submitted a brief and argued the cause orally.

*Messrs. Shea & Wiggenhorn*, for Respondents, submitted a brief; *Mr. R. G. Wiggenhorn* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On motion for a rehearing it has been thought best to make some changes in the original opinion so as to remove doubt as to the proper practice to be pursued in such cases as this. Therefore, the original opinion is withdrawn, this one substituted, and the respondents' motion for a rehearing denied.

This is an original application for a writ of prohibition. An alternative writ was issued, made returnable October 28, 1925. The respondents filed a motion to quash the writ and the matter was regularly brought on for hearing and argument on the day set, pursuant to the order of this court. From the affidavit filed on behalf of the relator in application for the writ, and facts stipulated by counsel, the salient facts appear.

In a *mandamus* proceeding instituted in the district court of Golden Valley county, one Dana L. Case therein secured a peremptory writ, directed to H. A. Bolles as county treasurer and the board of county commissioners of Golden Valley county, requiring them to make provision for the payment of certain county warrants held by the relator. By the judgment the relator was awarded his costs, and among other things it is therein provided that "this decree is given without prejudice to relator's claim for or right to recover the damage he has sustained on account of these proceed-

ings.'' Judgment was entered therein on December 22, 1924, and a peremptory writ issued forthwith. An appeal was perfected to this court from the judgment, and on June 29, 1925, the judgment was affirmed. (*State ex rel. Case* v. *Bolles, County Treasurer*, 74 Mont. 54, 238 Pac. 586.) On July 23, 1925, after *remittitur* was received from this court by the district court, the respondents therein fully satisfied the judgment by payment of the warrants. On the sixth day of February, 1925, pending a decision of the case on appeal, the relator filed in the office of the clerk of the district court of Golden Valley county, and duly served, an application for the allowance of damages alleged, comprising attorney's fees, traveling and other expenses incurred in the action, and also claim for accrued interest on the warrants and for an attorney's fee for presentation of the cause on appeal to this court, which was entitled in the same proceeding. No demand for damages was made in the original application for the writ of mandate, nor during the course of the hearing, and the judgment was entered therein without reference to any damages suffered by the relator, save as above indicated. It appears that the respondents will proceed to hear the application and determine the right of Case to damages, and the amount thereof, unless prohibited by this court from so doing.

The only question presented for determination is whether the district court now has jurisdiction to proceed with the assessment of such damages as may have been suffered by the relator in the *mandamus* action.

So far as pertinent, the statute governing the allowance of such damages provides: ''If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referees, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue; and a peremptory mandate must also be awarded without

delay." (Sec. 9858, Rev. Codes 1921, as amended by Chap. 5, Laws of 1925.)

"A statute must be so construed as to give effect to all [1] its parts and no part of it will be held inoperative if it is reasonably possible to reach any other conclusion." (*City of Billings* v. *Public Service Co.,* 67 Mont. 29, 214 Pac. 608; *In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527.) Courts will give meaning to every word, phrase, clause and sentence therein if it is possible to do so. (*Stange* v. *Esval,* 67 Mont. 301, 215 Pac. 807; *Mid-Northern Oil Co.* v. *Walker,* 65 Mont. 414, 211 Pac. 353; *Daley* v. *Torrey,* 71 Mont. 513, 230 Pac. 782.) "A statute must be given effect in its entirety if it is reasonably possible to do so." (*State ex rel. Koefod* v. *Board of County Commrs.,* 56 Mont. 355, 185 Pac. 147.) Of two admissible constructions of a statute, courts are never justified in adopting one which defeats manifest object of law (*State ex rel. Boone* v. *Tullock,* 72 Mont. 482, 234 Pac. 277), and in every instance of statutory construction it is the fundamental duty of the courts to ascertain the intent of the legislature. (*Anaconda C. M. Co.* v. *Junod,* 71 Mont. 132, 227 Pac. 1001.) If reasonably possible the statute must be so interpreted as to make it operative.

Applying these rules of construction we are of opinion [2] that the practice in legislative contemplation and by the statute intended to be prescribed, more clearly stated, is that after the applicant for a writ of mandate shall have made *prima facie* showing of right to the issuance of such writ, should he claim damages consequent upon having been required to resort to *mandamus* proceedings, he shall assert right thereto and submit such proofs as he may have covering the several items of damage claimed. At the conclusion of the hearing, should the court determine that the writ shall issue, judgment thereupon shall be entered awarding the applicant a peremptory writ and such damages as he may be found to have sus-

tained incident to the proceeding, together with his costs. Thereupon a peremptory writ will issue forthwith, and the applicant may secure the issuance of an execution for the amount of damages and costs awarded him in the judgment.

The statute is silent as to the proper course to be pursued in making claim for the damages authorized to be awarded, and with propriety some future legislative assembly may specifically outline the proper procedure. In the absence of definite direction as to the proper practice in such cases, we think the applicant for the writ may with propriety make claim in his original application for such damages as can then be reasonably anticipated; or the course pursued in the instant case by filing in the action a bill of particulars, covering the several items of damages claimed, would be unobjectionable if adopted before conclusion of the hearing. Where the method of procedure is not definitely pointed out by a statute conferring a specific right, any suitable mode of procedure may be resorted to which may appear best to conform to the spirit of the law. (Sec. 8882, Rev. Codes 1921.) Manifestly, however, the right to recover damages must be claimed and proof submitted in support thereof before the conclusion of the hearing; otherwise the court, after final judgment entered, is without jurisdiction to make award thereof. In this case the attempt made in the judgment to reserve the applicant's right to damages sustained on account of the proceeding was wholly gratuitous and may be treated as surplusage.

Under the statute as we interpret it the demand is not [3, 4] segregable. This being so all rights involved in the *mandamus* proceeding properly triable in the district court must be adjudicated therein. *Mandamus* being an action at law rather than in equity judgment therein is conclusive as to all of the relator's rights properly involved therein, whether asserted or not. (Sec. 10561, Rev. Codes 1921.) One versed in the law cannot conceive of a court by its judgment finding the amount of the plaintiff's actual damages and in the same

[75 Mont. 122.]

judgment making reservation to him of such prospective damages as he may thereafter suffer to be tried out in the same action. Were it to so do it is manifest that such attempted reservation would be wholly disregarded as a nullity. An attempted reservation of such a right would be clearly unavailing, and so too in *mandamus,* under the construction we have given the statute. A reservation of rights involved may be and is frequently effectually made in a decree in equity, but not so in a judgment at law, as to matters properly embraced in the action.

"An adjudication is final and conclusive not only as to the matter actually determined, but as to every matter which the parties might have litigated and have had decided as an incident to, or essentially connected with, the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense." (*Harris* v. *Harris,* 36 Barb. (N. Y.) 88; *Gray* v. *Dougherty,* 25 Cal. 266; *Estate of Bell,* 153 Cal. 331, 95 Pac. 372; *Helpling* v. *Helpling,* 50 Cal. App. 676, 195 Pac. 715; *Southern Pacific* v. *Edmunds,* 168 Cal. 415, 143 Pac. 597; *Thompson* v. *Myrick,* 24 Minn. 4.) Anything is barred which might and should have been presented as an inseparable part of the demand. (Black on Judgments, 2d ed., sec. 620; *Thompson* v. *Myrick, supra.*)

From the record it would appear that the applicant for the writ waived his right to damages incident to the proceeding as he neither asserted claim thereto nor submitted any proof upon which the court could base judgment as to the amount thereof. The language used in the statute is somewhat awkward and not easily interpreted and applied; however, we think the legislative intent as to the proper practice in such cases is as stated above. It cannot be given other interpretation without violating the canons of construction, and rendering inoperative the legislative intent. Such a construction of the statute makes it operative, the practice free from doubt, and

is consistent with former decisions of this court. In the case of *Bailey* v. *Edwards,* 47 Mont. 363, 133 Pac. 1098, the plaintiff sought to recover, in an independent action, damages comprising the emoluments due him during the period he was unlawfully deprived of his office of sergeant of police of the city of Helena. The defendant plead in bar the judgment rendered in a *mandamus* proceeding entered before the institution of the action, it being contended that the plaintiff's right to damages should have been litigated and determined in that proceeding, and that since damages were not therein claimed or determined, the plaintiff was estopped and barred from recovery in a separate suit. Mr. Justice Sanner, interpreting this statute, and speaking for this court, said: "The damages therein provided to be allowed in *mandamus* proceedings are such damages as are incidental to the proceedings themselves, and not those arising out of the prior preclusion or deprivation which the writ itself was invoked in part to redress. This brings us within, not the letter, but the spirit of the decision in *Peterson* v. *City of Butte,* 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483." The holding in that case is entirely in accord with our present views, and as applied to the case before us, the damages now claimed by Case, arising as they do in consequence of the *mandamus* proceeding, should have been litigated and determined therein. Such practice was observed and approved in the case of *State ex rel. Shea* v. *Cocking,* 66 Mont. 169, 28 A. L. R. 772, 213 Pac. 594, wherein Mr. Chief Justice Callaway, in interpreting this statute, said: "The question as to whether this word 'damages' includes the expense which relator has been put to in paying for the services of a lawyer to bring the proceeding, must be answered in the affirmative. Under the construction given the section in *Bailey* v. *Edwards,* 47 Mont. 367, 133 Pac. 1098, with which we are satisfied, this must be so. * * * There is reason underlying this interpretation. In the instant case the relator was police judge of the city of Butte and entitled to the

salary provided by law. He was deprived of this salary by the wrongful acts of the defendants; * * * . The relator was compelled to employ and pay an attorney. The court found $250 to be the amount of his damage. Under the statute he is entitled to reimbursement in that sum; his attorney's fee is not in the nature of costs; the statute provides for damages and costs.''

While damages are allowable in such cases, they may not be recovered where the right thereto has neither been asserted nor proved. (16 Cal. Jur. 880; *Beatty* v. *Clark Colony Water Co.,* 28 Cal. App. 751, 752, 153 Pac. 991; *Colthurst* v. *Fitzgerald,* 56 Cal. App. 740, 206 Pac. 471; *Gould* v. *Moss,* 158 Cal. 548, 111 Pac. 925.) It is therefore clear that the relator should have had the damages now claimed by him litigated and determined in the *mandamus* action; and not having done so, the court is now without jurisdiction to proceed in that action to determine them.

In *Achey* v. *Creech,* 21 Wash. 319, 58 Pac. 208, the supreme court, construing the Washington statute (Laws of 1895, p. 118), identical with ours, held that as the statute gives an applicant for *mandamus* the right to recover in such a proceeding the damages thereby sustained, the law will presume that he demanded and received therein all that he was entitled to, and will not permit him to subject the defendant to a multiplicity of suits when all the subjects of controversy could and should have been decided in the one action.

It is elementary that all questions which might be litigated in an action or proceeding of which the court has jurisdiction are *res judicata* as to all parties thereto and their privies. (24 Am. & Eng. Ency. of Law, 2d ed., p. 781.) This rule has been applied to issues that might be litigated in proceedings to obtain a writ of *mandamus.* (*Bailey* v. *Edwards, supra; Holt County* v. *National L. Ins. Co.,* 80 Fed. 686, 25 C. C. A. 469; *Sauls* v. *Freeman,* 24 Fla. 209, 12 Am. St. Rep. 190,

4 South. 525; *Kaufer* v. *Ford,* 100 Minn. 49, 110 N. W. 364;
*Achey* v. *Creech, supra.*)

The right of Mr. Case to recover the interest accrued and owing
on the warrants must be determined in an independent action;
and likewise, his claim to allowance of a reasonable attorney's
fee consequent to the appeal of the *mandamus* case to this court,
if such fee is recoverable at all. It being manifest that the
district court is without jurisdiction to proceed further in
the *mandamus* action, a peremptory writ of prohibition will
issue forthwith.

*Writ Issued.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
HOLLOWAY and MATTHEWS concur.

MR. JUSTICE STARK: I agree with the construction of the
*mandamus* statutes as declared in the foregoing opinion, but
am not in accord with what is said concerning that portion
of the judgment in the original *mandamus* proceeding which
declares: ''This decree is given without prejudice to relator's
claim for or right to recover the damage he has sustained on
account of these proceedings.'' What motivated the court to
insert this reservation, whether it was done by stipulation of
the parties or caused by uncertainty as to the proper method
of procedure, or both, does not appear, but this does not seem
material to me. The important matter is that the reservation
was incorporated.

Since the decision is grounded upon the hypothesis that the
relator in the *mandamus* proceeding is now forever precluded
from maintaining any action or proceeding for the recovery
of any damages which he may have sustained incident thereto,
it is needless to consider whether the particular method adopted
by him—filing a motion therein after judgment—was the proper
one, and I pass that matter.

[75 Mont. 122.]

If relator and respondents in the *mandamus* proceeding had prior to the hearing therein or during the progress thereof, for considerations which appeared sufficient to them, contracted between themselves that the damages incident to the proceeding which the relator might be entitled to recover should not be determined therein but might be recovered in a subsequent action or proceeding, I can perceive no reason why, under appropriate proceedings or in a proper action based on that contract, the relator might not recover such damages. Surely, the rule against splitting demands would not preclude him from doing so, since that rule is clearly for the benefit of a party defendant, and if he agrees to such splitting the courts will respect the agreement. (See cases cited in 1 R. C. L. 342, 343; 1 C. J. 1109, sec. 280.)

Even if the judgment containing this reservation was erroneous on its face, it was binding upon the parties to the suit unless and until reversed on appeal. As a fact, an appeal from that judgment was prosecuted in this court by the defendants in the *mandamus* proceeding, but no complaint was made of this reservation and the judgment containing the reservation was affirmed in whole by this court. (*State ex rel. Case* v. *Bolles,* 74 Mont. 54, 238 Pac. 586.) Whatever right was reserved to the relator in that action to take further proceedings for the ascertainment and recovery of damages which he had sustained incident to the *mandamus* proceeding became *res adjudicata* and this right ought not now to be questioned by the relator here. "A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved; but, on the contrary, the reservation itself becomes *res adjudicata,* and prevents the raising of any question as to the right to bring or maintain such subsequent suit." (34 C. J. 797; see, also, *Bodkin* v. *Arnold,* 45 W. Va. 90, 30 S. E.

154; *Ahlers* v. *Smiley*, 163 Cal. 200, 124 Pac. 827; *Hardin* v. *Hardin*, 26 S. D. 601, 129 N. W. 108.)

As the basis of an action a judgment is considered as a contract of record. (15 R. C. L. 573; Story on Contracts, 5th ed., sec. 2; Chitty on Contracts, 11 Am. ed., 3; 1 Parsons on Contracts, 9th ed., 8.) Treating the reservation in the judgment as a contract of record, which has become *res adjudicata*, it appears to me that the parties to the *mandamus* proceeding now stand in the same relation thereto as though they had themselves entered into a formal contract, reserving to the relator therein the right by an appropriate proceeding thereafter to recover the damages which he had sustained incident to that proceeding. For this reason it is my conclusion that the declaration in the foregoing opinion to the effect that this reservation is a nullity, wholly gratuitous and should be treated as surplusage, is erroneous and from that portion thereof I dissent.