STATE ex rel MUELLER, Respondent, v. TODD et al, Appellants

No. 8465

Submitted February 16, 1945. Decided March 16, 1945.

158 Pac. (2d) 299

Mr. G. J. Jeffries of Roundup for Appellants.

Mr. Emmet O'Sullivan of Harlowton for Respondent.

Messrs Murphy, Garlington & Pauly and Edmund T. Fritz, all of Missoula, amici curiae.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from a judgment entered after remittitur from this court in the same case. 114 Mont. 35, 132 Pac. (2d) 154, 158. On the former appeal we said: "The judgment is reversed and the cause remanded with direction to enter judgment for the relator, commanding the respondents to levy a tax in accordance with the statutes for the purpose of liquidating the bond debt of the city as evidenced by the water bonds here in question, and further, the court shall upon the record before it, or upon additional testimony if it chooses, determine and fix the amount of damages and costs as provided in Sec. 9858."

Upon the filing of the remittitur in the court below judgment was entered commanding the defendants to "levy forthwith on all taxable property in the town or city of Ryegate, Montana, in accordance with the statutes of Montana sufficient in amount

for the purpose of liquidating in the 1943 fiscal year, the entire bond debt of the said town or city of Ryegate, Montana, as evidenced by the water bonds here in question'' and directing that the levy be sufficient to cover interest on the principal of the bonds and on the interest coupons after maturity, and fixing the damages in the sum of $2,500 and costs and disbursements in the sum of $17.90. Defendants question the propriety of the judgment in three respects.

The first point urged is that it was error on the part of the court to include in the judgment a command that a levy be made sufficient to liquidate the entire bond debt in the fiscal year of 1943. It is contended that this provision in the judgment was not in harmony with the command of this court that the tax levy be ''in accordance with the statutes.'' The contention is that the town should have been permitted in its discretion (State ex rel North American Life Ins. Co. v. District Court, 97 Mont. 523, 37 Pac. (2d) 329) to spread the load over a period of years by issuing refunding bonds. Because of the restricted appeal we are not permitted to consider this point. The notice of appeal specifies that it is from a part of the judgment only and specifically points out the part from which the appeal is taken. It is proper for a party to appeal from a part of a judgment only when the judgment is divisible into parts. Wills v. Morris, 100 Mont. 504, 50 Pac. (2d) 858; Bancroft's Code Practice & Remedies, Vol. 8, Sec. 6267, p. 8325.

The part from which the appeal is taken is the part directing, in substance, that the levy be sufficient to pay interest on the bonds after maturity, and interest on past due interest coupons, and fixing damages in the sum of $2,500. There being no appeal from that part of the judgment directing a sufficient levy to be made to discharge the entire obligation in 1943, the propriety of that part of the judgment is not properly before us for consideration.

The second point relied upon by defendant is that the lower court erred in commanding that the levy be sufficient to include interest on the principal of the bonds and on interest

coupons after maturity. The bonds in question were issued under Secs. 3454 et seq. Revised Codes of 1907 and bore six per cent interest.

The general rule throughout the country, with some exceptions, is that governmental bonds continue to bear interest after maturity. 44 C. J. 1236; Jones on Bonds and Securities, 4th Ed., Vol. 1, Sec. 739; McQuillan, Municipal Corps., 2nd Ed., Vol 6, Sec. 2431; State v. Village of Brooklyn, 141 Ohio St. 593, 49 N. E. (2d) 684; City of Indianola v. Gates, 181 Miss. 145, 179 So. 284; Peoples Bank & Trust Co. v. Sabougla Drainage Dist., 186 Miss. 539, 191 So. 93, 824; Irvine v. Reclamation Dist. No. 108, Cal., 150 Pac. (2d) 428. The statute in effect when these bonds were issued did not make provision for paying interest on the bonds after maturity.

However, provision was made for issuing refunding bonds (Sec. 3461 et seq.) drawing interest at not to exceed six per cent per annum (Secs. 3462 and 3464). This indicated a legislative intent that the town should be liable to pay interest on the original obligation until it was paid. Irvine v. Reclamation Dist., supra.

There is also a difference of opinion as to whether interest coupons draw interest after maturity. California holds that they do not. Irvine v. Reclamation Dist., supra. The court's conclusion was based mainly upon the legislative intent drawn from the repeal of the statute which had expressly directed that such interest coupons should draw interest. The weight of authority holds that they do draw interest after maturity. Note, 27 A. L. R. 89; 44 C. J. 1236; 33 C. J. 205; State v. Village of Brooklyn, supra; Board of Lake County Com'rs. v. Linn, 29 Colo. 446, 68 Pac. 839; Parker v. McGinty, 77 Colo. 458, 239 Pac. 10; 30 Am. Jur. "Interest" Sec. 57. p. 48; Jones on Bonds and Bond Securities, Vol. 2, Sec. 73. We have followed the majority view on this subject and have held that past due interest coupons bear interest. Kalman v. Treasure County, 84 Mont. 285, 275 Pac. 743. No question is raised as to the proper rate of interest, if interest is allowable.

The only other question presented is whether the court was right in fixing the amount of damages in the sum of $2,500. The main argument of the appellant under this specification of error is that the district court allowed damages in a sum greater than that which was alleged in the application. The application alleged that the relator was "compelled to employ counsel to his damages in the sum of two hundred and fifty dollars."

On the day of the trial relator filed a bill of particulars pursuant to the practice approved in State v. District Court, 75 Mont. 122, 242 Pac. 421. Therein he claimed damages in the total sum of $1,277 itemized as follows: $20 for expense of sending his counsel from Harlowton to Ryegate in connection with the collection of the bond; $1,000 as attorney's fees for instituting and prosecuting the action; $257 for expense incurred by relator in traveling from Hazen, North Dakota, to testify at the trial at Ryegate.

The evidence in support of the item of attorney's fees set out in the bill of particulars went in without objection and was substantially as follows: Mr. O'Sullivan testified that his client, Mr. Mueller, agreed to pay him a reasonable attorney's fee and said that if the court should direct that relator's claim be paid out of the fund of $1,700.70 then held by the town of Ryegate, a reasonable fee would be $250 but if the court instead of making such an order makes an order directing the town officers to levy a sufficient tax to pay not only relator's bond No. 13, and interest thereon, but also to pay all the bonds belonging to the issue of which No. 13 is a part and to pay relator's damages and costs, then a reasonable fee would be one thousand dollars.

The matter of attorney's fees as damages is analogous in some respects to medical fees as an element of damages in a personal injury action. The general rule is that only the amount paid for medical care which is shown to be reasonable may be recovered. 15 Am. Jur. 549; note in 82 A. L. R. 1325. This is the rule in this state. Storm v. City of Butte, 35 Mont. 385, 89 Pac. 726. The trial court and this court in passing upon the reasonableness of the attorney's fees will take into consideration

the amount of work and skill entailed, the amount of money involved in the action, and the responsibilities assumed by the attorney, all as indicated by the files and records. As was said in Bohan v. Harris, 71 Mont. 495, 230 Pac. 586, 588: ''In fixing the fee the judge, of course, may call to his aid the practice of the court and his own knowledge of the usual compensation for such services, without availing himself of evidence based upon the views and experience of other attorneys, or, in his capacity as chancellor, he may seek their aid as expert witnesses for his enlightenment; yet, if he does call them to his assistance, he is not required to make his decision in accordance with their testimony.''

We think relator's damages, by reason of attorney's fees reasonably and necessarily incurred, while dependent upon the elements above enumerated, are likewise dependent upon the value of the services to relator which in turn is measured largely by the amount involved. We therefore believe that the relator's damages by reason of attorney's fees cannot reasonably depend upon whether the judgment accomplishes payment of twelve other bonds owned by strangers to the suit, and that there is no evidence that counsel's responsibility or burden is greater in obtaining that result. We find that there is nothing in the record warranting damages for attorney's fees in excess of $600, since relator had no interest in the other 12 bonds preceding his in numerical order.

While the court realizes the advantages of the position of the trial judge who of necessity must be more familiar with the exact amount of skill and services rendered by the attorney in the proceedings, which has resulted in the collection of the plaintiff's bond, yet the court fails to find justification in the record for a fee of $2,223 or for any fee in excess of $600. The other items of damages set out in the bill of particulars were sufficiently sustained by proof.

We point out that the procedure for claiming damages prescribed in the case of State ex rel Golden Valley County v. District Court, 75 Mont. 122, 242 Pac. 421, has been disapproved

in State ex rel Phillips v. Ford, Mont., 151 Pac. (2d) 171. But since the Phillips case was not decided until long after relator had adopted and followed the procedure prescribed in the Golden Valley County case, this case is controlled by the latter. Montana Horse Products Co. v. Great Northern R. R. Co., 91 Mont. 194, 7 Pac. (2d) 919; Continental Supply Co. v. Abell, 95 Mont. 148, 24 Pac. (2d) 133; State v. Simanton, 100 Mont. 292, 49 Pac. (2d) 981.

We accordingly direct that the judgment be modified by reducing the damages from $2,500 to $877. As thus modified it will stand affirmed. Each party will pay its own costs on this appeal.

Chief Justice Johnson, and Associate Justices Adair and Cheadle, J. J., concur.

Mr. Justice Morris:

I concur in the foregoing opinion as to all questions involved except as to the allowance for attorney's fees in the sum of $600. Counsel brought the action to collect one bond of $1,000. He represented no other client in the action. Two hundred fifty dollars would be a generous fee for that purpose.

Petition for rehearing denied May 9, 1945.