MULLEN, APPELLANT, *v.* CITY OF BUTTE, RESPONDENT.

(No. 2,499.)

(Submitted May 6, 1908. Decided May 11, 1908.)

[95 Pac. 597.]

*Personal Injuries—Cities and Towns—New Trial—Verdict Against Evidence—Discretion—Credibility of Witnesses.*

Personal Injuries—Cities and Towns—New Trial—Insufficiency of Evidence.
  1. In an action against a city to recover damages for injuries to a child, alleged to have been sustained by reason of a fall into an excavation adjoining a sidewalk, evidence reviewed, and *held* that the court was justified in granting a new trial upon the ground of its insufficiency to warrant a verdict in favor of the plaintiff.

New Trial—Verdict Against Evidence—Duty of Court.
  2. It is the duty of the trial judge, if satisfied that a verdict was not warranted by the evidence, to set it aside on proper motion.

Same.
  3. Whether a new trial should be granted because the verdict is against the weight of the evidence lies within the sound legal discretion of the trial court, with the exercise of which the supreme court will not interfere on appeal.

Same—Verdict Against Evidence—Credibility of Witnesses.
  4. Where plaintiff's right to recover damages from a city for personal injuries depended largely, if not entirely, on the testimony of a witness whose credibility was impaired in many material particulars by his own evidence on a prior trial, and the court determined that the witness was unworthy of belief, error was not committed in setting aside a verdict for plaintiff, nor was its action in so doing objectionable as invading the province of the jury.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Pat Mullen against the city of Butte. From an order granting defendant a new trial, plaintiff appeals. Affirmed.

*Mr. Jesse B. Roote, Mr. Peter Breen,* and *Mr. A. C. McDaniel,* for Appellant.

Where the evidence is conflicting, the jury are to determine the facts, and their verdict will not be disturbed unless clearly unsupported by the evidence before them. (*Kleinschmidt* v. *Dunphy,* 1 Mont. 118.) A new trial will not be granted if there is some testimony to support the verdict, although there is a preponderance of evidence against it. (*Lincoln* v. *Rodgers,* 1 Mont. 217.) It must be clear that the jury has erred before a new trial will be granted on the ground that the verdict is against the weight of evidence or unsupported by it. (*Orr* v. *Haskell,* 2 Mont. 225.) A verdict will not be disturbed where there is evidence to support it. (*Caruthers* v. *Pemberton,* 1 Mont. 111; *Lincoln* v. *Rodgers,* 1 Mont. 217; *Davis* v. *Blume,* 1 Mont. 463; *Griswold* v. *Boley,* 1 Mont. 545; *Upton* v. *Larkin,* 7 Mont. 449, 17 Pac. 728; *Grace etc. Church* v. *Richards,* 16 Mont. 70, 40 Pac. 73; *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871.) Even if this were a case of conflicting evidence, the verdict of the jury should not have been disturbed. (*Ming* v. *Truett,* 1 Mont. 322; *Budd* v. *Perkins,* 6 Mont. 223, 9 Pac. 916; *Frank* v. *Murray,* 7 Mont. 4, 14 Pac. 654; *Carron* v. *Wood,* 10 Mont. 500, 26 Pac. 388; *Quigley* v. *Birdseye,* 11 Mont. 439, 28 Pac. 741; *Cabbage* v. *Schultz,* 16 Mont. 14, 39 Pac. 911; *Barnett* v. *Brown,* 18 Mont. 367, 45 Pac. 551; *Huston* v. *Nuss,* 19 Mont. 113, 47 Pac. 634; *Sanford* v. *Gates,* 21 Mont. 277, 53 Pac. 749; *Nelson* v. *Great Northern Co.,* 28 Mont. 297, 72 Pac. 642; *Babcock* v. *Maxwell,* 29 Mont. 31, 74 Pac. 64; *McMillan* v. *Frank,* 30 Mont. 61, 75.

Pac. 685; *Butte etc. Co.* v. *Kenyon,* 30 Mont. 314, 76 Pac. 696,. 77 Pac. 319.)

*Mr. Edwin S. Booth,* and *Mr. W. E. Carroll,* for Respond-- ent.

MR. JUSTICE SMITH delivered the opinion of the court..

This is an appeal by the plaintiff from an order of the district court of Silver Bow county granting the defendant a new trial. The action was begun to recover damages alleged to have been sustained by the plaintiff by reason of an injury to his infant son.

The complaint alleges that the defendant city negligently· maintained a sidewalk in a dangerous and unsafe condition,. "by permitting an excavation to exist on the west side of said sidewalk, * * * which excavation abutted upon said sidewalk, and was of a depth of about six feet, * * * without any railing or barrier sufficient to protect persons using said street and sidewalk * * * from falling or stepping· into said excavation." It is then alleged that Thos. Mullen, the infant son of plaintiff, while passing along the sidewalk, "stepped or fell into the aforesaid excavation, and struck with great force on his left leg in the region of the knee," receiving permanent injuries. The principal witness on the part of the plaintiff was one Walter Coughlin, who testified that from a house opposite the place of the accident he saw the infant, who was about five years of age, fall, stumble, or jump· off the sidewalk at a place where the railing was so defective as to afford no protection to him. The boy was found at the· bottom of the excavation upon or near the foot of a flight of steps leading from the sidewalk to the rear door of a saloon building running parallel with the sidewalk at the place in question. Coughlin did not go to the rescue of the boy, but he was picked up by another witness who was attracted to the spot by his crying. The space between the sidewalk and the saloon building was littered with broken bottles, and the boy's.

leg was found to be badly cut and lacerated, and was bleeding profusely. Blood was found on several broken bottles, and on the ground for some few feet from the place where he was discovered, in the direction of a spot directly underneath a point in the sidewalk where the railing was partially or wholly absent. One witness testified that there was a piece of broken bottle on the lower step near where the boy was found. On the part of the defendant it was shown that the boys of the neighborhood, including the Mullen boy, were in the habit of playing about these steps, and sliding down a railing on the side thereof, from the sidewalk to the space below where the broken bottles were scattered.

Plaintiff had a verdict and judgment for $6,500, which were afterward vacated by the court on defendant's motion. One ground of the motion was insufficiency of the evidence to justify the verdict. In its order granting a new trial the district court incorporated its reasons for making the same. The entire order is found in the record, and both parties request that we examine and consider it.

Acting upon that request, we quote the order: ''Plaintiff's case depends upon proof that his infant son fell from the elevated sidewalk where rails were absent, and upon, and was cut by, a mass of broken bottles upon the ground below. The only evidence that the accident so happened was the testimony of one Walter Coughlin, who claims to have been sitting some 30 feet away at the time, and whose testimony is to the effect that the infant staggered or slipped, or stumbled or tripped and fell or jumped off the sidewalk at that time and place. If the infant jumped off, of course, the defendant is not liable. And for this uncertainty the plaintiff's case fails. Neither Coughlin's appearance nor manner while testifying commended him to credibility, but otherwise; and he was so discredited on material matters by his testimony at an earlier trial wherein the infant himself sued the city for damages for his injuries, that, had the court the right to comment to the jury upon witnesses and testimony, as have the federal courts, it would have

felt constrained to advise the jury that Coughlin was unworthy of belief.

"To cite some few of the facts wherein Coughlin's contradictions appear, at the infant's trial he testified that on the day of the accident he was employed at the Berkley mine day shift, and had come home from work, and was sitting on the porch when he saw the boy go off the sidewalk. At this trial he testified he was then employed at said mine on night shift, and was sitting on the porch waiting to go to work when he saw the boy fall or jump off the walk. There was evidence by the mine owner's bookkeeper that the Berkley mine was not being worked at that time. At the earlier trial Coughlin testified positively that after the boy fell off the walk he saw him picked up off the ground below, while at this trial he testified he did not see the boy after he went off the walk until the boy was brought up and was being carried along the street. The fact is no one saw the boy on the ground; he being found on the stairway. Coughlin at the earlier trial further testified to frequent visits to see the injured boy at his home for some two weeks after the accident, giving details as to the time of various visits and who were present. At this trial he testifies he never saw the boy after the accident, and did not visit him. And it appears the boy when injured was immediately taken to the hospital, and kept there for several weeks.

"Coughlin attempts to explain away his testimony at the earlier trial by saying he was drunk when then testifying; but his testimony then, with its mass of detailed circumstances, shows otherwise. His testimony at the earlier trial was a careful narrative, weaving a multitude of circumstances about, and to give color of credibility to, the main event he professed to have seen, and shows none of the hesitancy, embarrassment and confusion that characterized both him and his testimony at this trial. He now apparently has lopped off details he formerly testified to (which at this trial are shown by other evidence to be utterly false) to avoid clear inconsistency with the facts bound to be established by proof—has learned and shaped his

testimony to fit the case.  These self-contradictions were of material matters.  They involved circumstances related to lend credibility to other material matters, the main event, and so were themselves material.  \* \* \*

"From the evidence, aside from Coughlin's testimony, it appears highly probable the child was cut while engaged in its customary play on the ground or stairway, and not by a six-foot fall from the sidewalk upon a mass of broken bottles upon the ground below.  However, it was not for defendant to prove how the child was hurt, but it was for plaintiff to prove the child was hurt because of defendant's negligence; that is, by a cut from a fall from the sidewalk where unsafe from defendant's negligence.

"I am of the opinion the jury was misled, and that the verdict is not sustained by the evidence, and is probably due to the sympathy the unfortunate child's condition awakened.  It is proper to note, too, that there was evidence that plaintiff has offered money to an alderman of the city to vote favorably upon plaintiff's claim here involved when it was before the city council for allowance or disallowance.  Under these circumstances, it is the duty of the court to grant a new trial.  Thereby the court does not invade the province of the jury (who are exclusive judges of the credibility of witnesses) any more than in any case of conflicting evidence where a new trial is granted.  It is not a final determination, as would be granting a motion for nonsuit, but merely referring the issues to another jury.  The court, yielding due consideration to and respect for the jury's office and verdict, yet is charged with the grave duty of (on this motion) supervising it, considering witnesses, their testimony, conduct, demeanor and credibility; and, if satisfied, as here, that the jury has been misled and imposed upon by falsehood resulting in an improper and unjust verdict, the court is in duty bound to set aside the verdict and grant a new trial."

It will be seen from the foregoing that the district judge who had the witness Coughlin before him, and who was in a

position to observe his appearance and demeanor while testifying, in view of the contradictory statements made by him on two different occasions as to what he saw, concluded to disregard his entire testimony. The witness who picked the boy up testified that he saw Coughlin at the place where he said he was. This is the only corroborating evidence in the case. No witness save Coughlin claimed to know how the boy was injured. If he fell off the sidewalk, the city was probably liable. If he was hurt while playing about the broken bottles or while sliding down the railing of the steps, it was not. The fact that he was injured throws no light upon the question as to how he received the injury. Without Coughlin's testimony the plaintiff made out no case. The trial court was of opinion that the evidence was insufficient to justify the verdict. Coughlin may have been where he says he was, and still not have seen the boy fall. If he did not see the fall, then there was no testimony that would justify a verdict for the plaintiff under the pleadings as they are found in the record.

It was the duty of the trial judge, if satisfied that the verdict was not warranted by the evidence, to set it aside upon proper motion. (*Harrington* v. *Butte & Boston Min. Co.,* 27 Mont. 1, 69 Pac. 102; *Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455.) In the case of *Hamilton* v. *Nelson,* 22 Mont. 539, 57 Pac. 146, this court said: "Whether or not a new trial should be granted for the reason that the verdict is against the weight of the evidence is a question peculiarly within the sound legal discretion of the trial judge, who has the advantage of seeing the witnesses, of hearing their testimony orally delivered, and of observing their demeanor and conduct upon the stand. Hence the exercise of such discretion will not be disturbed by this court."

But it is contended by the appellant that this is not a case of conflicting evidence, but one wherein the evidence of the plaintiff, though weak, was uncontradicted. It is also urged that the trial court in discarding the testimony of Coughlin

invaded the province of the jury, who are the exclusive judges of the credibility of the witnesses. In his first contention the appellant is in error, because the testimony of the witness was in many material particulars contradicted by his evidence on the first trial. But, aside from this, while the credibility of the witnesses is, in the first instance, a question exclusively for the jury, it is the duty of the trial court in ruling upon a motion for a new trial to pass upon the *weight* of the testimony. If the testimony of the prevailing party is not sufficient in weight to justify a verdict in his favor, a new trial should be granted; and, when a trial court determines that the testimony is not of sufficient weight to sustain a verdict and therefore sets the same aside, this court will not interfere unless that sound legal discretion lodged in the district court is abused. If Coughlin's testimony in the opinion of the district court was without weight, then the plaintiff's case failed.

We do not mean to be understood as holding that, where a witness has testified positively to a fact not in itself impossible or improbable and not contradicted, the trial court would be justified in disregarding such testimony, because that question is not before us; but in this case, in view of what the record discloses regarding the witness Coughlin, we are not disposed to hold that the court below abused its discretion or was not justified in ordering a new trial.

The order is affirmed.

*Affirmed.*


MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.