Lizott, Respondent, *v.* BIG BLACKFOOT MILLING CO., Appellant.

(No. 3,283.)

(Submitted October 21, 1913. Decided October 29, 1913.)

[136 Pac. 46.]

*Personal Injuries—Evidence—Insufficiency—New Trial—Jury—Finding—Conclusiveness.*

New Trial—Jury—Conclusiveness of Verdict—Evidence—Weight.
　　1. Under the rule that a verdict based upon evidence presenting a substantial conflict, which was adopted by the trial court upon a motion for a new trial, is not subject to review on appeal, *held,* that the fact that plaintiff's unsupported statement relative to the existence of a defect in a pathway provided for him by defendant in its logging operations, was directly contradicted by a number of defendant's witnesses, did not result in rendering his evidence so insufficient as not to support a verdict in his favor, since the effect and value of evidence is a matter exclusively for the jury, who are not bound to decide in conformity with the declarations of any number of witnesses as against a less number.

Same—Discretion—Conflicting Evidence.
　　2. Where the evidence is in substantial conflict, the supreme court is not justified in holding that the trial court abused its discretion in refusing a new trial merely because, as it is made to appear in the transcript, the evidence seems to preponderate against the verdict.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

Action by Thady Lizott against the Big Blackfoot Milling Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Mr. Henry C. Stiff,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Harry H. Parsons* and *Albert Besancon,* for Respondent, submitted a brief; *Mr. Besancon* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff recovered a judgment for damages for a personal injury suffered during the course of his employment by the defendant. The defendant has appealed from the judgment and an order denying its motion for a new trial.

The plaintiff was employed by defendant at its logging camp near St. Regis, in Missoula county. The work assigned to him, and in which he was engaged at the time he was injured, was the moving of logs along a skidway to a point at which they could be piled or "decked," so that they could be conveniently loaded upon sleighs or wagons for transportation to defendant's mill. His office was, by the aid of an assistant, to control the movement of the logs by the use of a cant-hook down the decline of the skidway, he being on one side, and the assistant on the other. It is alleged that the defendant failed to exercise ordinary diligence to furnish the plaintiff a reasonably safe place in which to work, in that the pathway along which the plaintiff was required to walk while moving the logs was unsafe and dangerous by reason of the existence therein of a hole caused by the removal of a stump by the defendant in clearing the ground for the skidway; that the hole was covered by protruding roots, leaves and other loose materials, so that it could not be seen; that while moving a log the plaintiff stepped into the hole, and fell; and that, being thus compelled to release the handle of the cant-hook which he had fastened upon the log, he was caught by it as it was forced over by the weight of the log, and sustained a fracture of his left leg below the knee, resulting in his permanent disability. The defendant denied negligence in the particular charged, and alleged the usual defenses of contributory negli-

gence and assumption of risk.   The plaintiff having adduced sufficient evidence to make a *prima facie* case, the defendant undertook to rebut and overcome it by showing (1) that there was no hole or other similar defect in the pathway, and (2) that, upon the assumption that there was, plaintiff contributed to his own injury by the course he pursued in handling the log by which he was caught.   The plaintiff was the only witness who testified to the existence and condition of the hole.   Several witnesses who were employed by the defendant at the time, including the boss who selected the ground and superintended the construction of the skidway, testified directly to the contrary. These and other witnesses—about an equal number on either side—testified concerning the propriety of the course pursued by the plaintiff in doing the work, the opinions expressed by them being directly in conflict.

Counsel argue that the testimony of plaintiff as to the existence of the hole was completely rebutted by the testimony of defendant's witnesses, with the result that there was no substantial evidence to sustain the finding of the jury on this issue, and hence the district court should have ordered a new trial.   We [1]   have held in many cases that the effect and value of evidence is addressed exclusively to the jury, and that their finding thereon, when it presents a substantial conflict, and has been examined and adopted by the trial court upon a motion for a new trial, is not subject to review by this court.   Counsel's argument implies the concession that the plaintiff's unsupported statement required a submission of the case to the jury; in other words, that there was substantial evidence to support his case. The fact that several witnesses contradicted him did not render his statement so improbable as to reduce it to a mere semblance or scintilla of evidence insufficient to support a verdict.   The court was not authorized to ignore it, for the testimony of a single witness who is entitled to full credit is sufficient for the proof of any fact, except perjury and treason.   (Rev. Codes, sec. 7861.)   The jury are not bound in any case to decide in conformity with the declaration of any number of witnesses as

against a less, number, or against a presumption or other evidence satisfying their minds. (Sec. 8028.) These rules apply as well to the evidence touching the existence of the hole as to the evidence touching the mode adopted by the plaintiff in doing the [2] work. It is true that the evidence as a whole as it appears in type seems to preponderate against the verdict; but, since it presents a substantial conflict, we may not say that the district court abused the discretion lodged in it in such cases to grant or refuse a new trial. (*Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113; *Campbell* v. *City of Great Falls,* 27 Mont. 37, 69 Pac. 114; *Mullen* v. *City of Butte,* 37 Mont. 183, 95 Pac. 597; *Lehane* v. *Butte Electric Ry. Co.,* 37 Mont. 564, 97 Pac. 1038.)

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.