WILSON, RESPONDENT, v. THURSTON CO. ET AL., APPEL-
LANTS.

(No. 6,311.)

(Submitted May 4, 1928. Decided May 31, 1928.)

[267 Pac. 801.]

*Personal Injuries—Automobile Accident—Trial—Selection of
Jury—Voir Dire—Question Whether Veniremen had Rela-
tives Employed by Liability Insurance Companies—Over-
ruling of Objection Reversible Error.*

1. In an action to recover damages for personal injuries sus-
tained by reason of plaintiff being struck by a motor vehicle
driven by an employee of defendant company, the trial court's
action in permitting plaintiff's counsel to ask prospective jurors
on their *voir dire*, over defendant's objection, whether they had
any immediate relatives employed by any liability insurance com-
pany, where no such company was a party defendant, *held* re-
versible error, not cured by refusal to permit testimony as to
whether defendant company carried insurance against liability on
account of automobile accidents.

[1] Appeal and Error, 4 C. J., sec. 2932, p. 952, n. 78.

*Appeal from District Court, Silver Bow County; Wm. E.
Carroll, Judge.*

ACTION by Fenwick Wilson against the Thurston Company
and another. Judgment for plaintiff and defendants appeal.
Reversed and remanded, with direction to grant a new trial.

*Mr. R. F. Gaines,* for Appellants, submitted a brief and
argued the cause orally.

*Mr. Joseph J. McCaffery,* for Respondent, submitted a brief
and argued the cause orally.

This court has declared: "The *voir dire* examination of
jurors is a right secured to the defendant by statutes, and has

1. Connection with casualty or indemnity company as a proper
subject of inquiry on *voir dire* in an action against one insured or
indemnified by such company, see note in L. R. A. 1915A, 153. See,
also, 15 Cal. Jur. 361; 16 R. C. L. 276.

a definite double purpose; First, to ascertain whether there exists grounds for challenge for cause; and, second, to enable counsel to exercise intelligently the peremptory challenges allowed by law." (*State* v. *Brooks,* 57 Mont. 480, 188 Pac. 943.)

With few exceptions, the agents or solicitors and the stenographers of the eighteen companies carrying indemnity insurance against casualties are the children of Butte families. In view of the ruling in *State* v. *Brooks,* and in the light of such conditions, was counsel for plaintiff wrong in making the following inquiry of eight of the sixteen veniremen? "Have you got any immediate relatives employed with any liability insurance company of the city of Butte?" The following authorities hold that such a question is proper: *Brusseau* v. *Lower Brick Co.,* 133 Iowa, 245, 110 N. W. 577; *Chybowski* v. *Bucyrus Co.,* 127 Wis. 332, 7 L. R. A. (n. s.) 357, 106 N. W. 833; *Granrus* v. *Croxton Min. Co.,* 102 Minn. 325, 113 N. W. 693; *Norris* v. *Holt-Morgan Mills,* 154 N. C. 474, 70 S. E. 912; *Walters* v. *Durham Lumber Co.,* 165 N. C. 388, 81 S. E. 453; *Jensen* v. *Schlenz,* 89 Wash. 268, 154 Pac. 159; *Citizens' Light, Heat & Power Co.* v. *Lee,* 182 Ala. 561, 62 South. 199; *Egner* v. *Courtis Towle & Paine Co.,* 96 Neb. 18, L. R. A. 1915A, 153, 146 N. W. 1032; *Inland Steel Co.* v. *Gillespie,* 181 Ind. 633, 104 N. E. 76; *Roach & Co.* v. *Blair,* 190 Mich. 11, 155 N. W. 696; *Kinney* v. *Metropolitan St. Ry. Co.,* 261 Mo. 97, 169 S. W. 23; *Boten* v. *Sheffield Ice Co.,* 180 Mo. App. 96, 166 S. W. 883; *Armstrong* v. *Yakima Hotcl Co.,* 75 Wash. 477, 135 Pac. 233; *Owensboro Wagon Co.* v. *Boling* (Ky.), 107 S. W. 264; *Blair* v. *McCormick Construction Co.,* 123 App. Div. 30, 107 N. Y. Supp. 752; *Camp* v. *Churchill* 186 Ala. 173, 65 South. 336; *Grant* v. *National R. Spring Co.,* 100 App. Div. 234, 91 N. Y. Supp. 805; *Smith* v. *City Ice & Delivery Co.,* 117 Kan. 485, 232 Pac. 603; *Engle* v. *Bowen,* 122 Kan. 283, 251 Pac. 1108, approving *Smith* v. *Ice & Delivery Co.,* supra; *Swift & Co.* v. *Platte,* 68 Kan. 1, 72 Pac. 271, 74 Pac. 635; *Vendicator Consol. G. Min. Co.* v. *Firstbrook,* 36 Colo. 498,

10 Ann. Cas. 1108, 86 Pac. 313; *O'Neill* v. *Thomas Day Co.,* 152 Cal. 356, 92 Pac. 857; *Spoonick* v. *Backus Brooks Co.,* 89 Minn. 354, 94 N. W. 1079; *Dow Wire Works Co.* v. *Morgan,* 29 Ky. Law Rep. 854, 96 S. W. 530; *O'Connor* v. *Gillaspy,* 170 Ind. 428, 83 N. E. 738; *Rinklin* v. *Acker,* 125 App. Div. 244, 109 N. Y. Supp. 125; *Goff* v. *Kokomo Brass Works,* 43 Ind. App. 642, 88 N. E. 312; *Aetitis* v. *Spring Valley Coal Co.,* 246 Ill. 32, 138 Am. St. Rep. 221, 92 N. E. 572; *Saller* v. *Friedman Bros. Shoe Co.,* 130 Mo. App. 712, 109 S. W. 794; *Iroquis Furnace Co.* v. *McCrea,* 191 Ill. 340, 61 N. E. 79; *Heydman* v. *Red Wing Brick Co.,* 112 Minn. 158, 127 N. W. 561; *Foley* v. *Cudahy Packing Co.,* 119 Iowa, 246, 93 N. W. 284; *Girard* v. *Grosvenordale,* 82 Conn. 271, 73 Atl. 747; *Arnold* v. *California Portland Cement Co.,* 41 Cal. App. 420, 183 Pac. 171; *Tatarsky* v. *Smith,* 78 Colo. 491, 242 Pac. 971; *Thompson* v. *Collins,* 139 Wash. 401, 247 Pac. 458; *Sharkey* v. *Sheets* (Cal. App.), 261 Pac. 1049; *Reneau* v. *Hirsch* (Cal. App.), 262 Pac. 1100.

California and other states have now organized automobile associations. Membership in such organizations entitles one to the protection of indemnity insurance against loss by accidents. Would it be right to prohibit the examination of a juror as to whether he was a member of such automobile association? It is an insurance company, and although the club be not a party to the action, the individual member would have some interest which counsel for the plaintiff might deem sufficient grounds for a peremptory challenge. In fact, this question has already been presented in California, and held proper matter of inquiry. (*Nichols* v. *Nelson,* 80 Cal. App. 590, 252 Pac. 741.) In a damage action growing out of an automobile collision against defendants, carrying indemnity insurance, questioning prospective jurors as to their interest in defendant's insurer, held not error. (*Heath* v. *Stephens,* 144 Wash. 440, 258 Pac. 321.) The court distinguished *Heath* v. *Stephens,* from *Lucchesi* v. *Reynolds,* 125 Wash. 352, 216 Pac. 12.

[82 Mont. 492.]

The last word of this court on the question is found in *Robinson* v. *W. F. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253. If the case of *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, 118 Pac. 700, at 706, and the case of *Putnam* v. *Pacific Monthly Co.*, 68 Or. 36, Ann. Cas. 1915C, 256, 45 L. R. A. (n. s.) 338, 130 Pac. 986, 136 Pac. 835, and the Washington decisions are the authority for the ruling in *Robinson* v. *W. F. Woolworth Co.*, supra, recent decisions of those courts have materially modified or explained these cases. Aside from the above-mentioned cases, counsel has found but few authorities holding the examination of the juror as to his interest in an insurance company, in a proper case, is error.

MR. JUSTICE GALEN delivered the opinion of the court.

In this action the plaintiff seeks to recover damages from the defendants for personal injuries by the plaintiff sustained May 5, 1926, while crossing Montana Street in the city of Butte, by reason of being struck by an automobile alleged to have been negligently operated by the defendant W. M. Thurston, an employee of the defendant company. Upon issue joined, the cause was tried to a jury and resulted in a verdict and judgment in plaintiff's favor for $4,500. Complaining of alleged errors committed during the course of the trial, defendants have appealed. The defendants' assignments of error relate to questions permitted to be asked of prospective jurors upon *voir dire* examinations, over the defendants' objection, and instructions as to the law governing the case given to the jury.

1. Over objection seasonably interposed, eight prospective [1] jurors were interrogated by plaintiff's counsel as to whether they had any immediate relatives employed by any liability insurance company in the city of Butte, and responded in the negative. Were such questions so prejudicial as to warrant a new trial? In our opinion they were. Whether a juror had any immediate relatives employed by any liability insurance company in the city of Butte was of no

possible relevancy in determination of the juror's qualifications to fairly try and determine the issue presented—whether the defendants, not someone else, should be held to respond in damages because of their alleged negligence. No liability insurance company was a party to the action, and the nature of the employment of relatives of a prospective juror was far beyond the scope of legitimate inquiry. The actual inference implied by such questions is that the defendants were protected by liability insurance, and it is manifest that the sole purpose of such interrogation was to prejudice the jury against the defendants in the action, whether they were insured in fact or not. Whether the defendants were protected by liability insurance or not could have no possible bearing on the question of their personal liability to respond in damages for their negligence in the operation of their automobile. The insurance company was not on trial, and the fact that by insurance contract the defendants were protected was of no concern to the jury in determination of the question as to whether the defendants through their negligence had caused the injury to plaintiff. The subject has heretofore been considered and the practice condemned by this court (*Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253), although it is noteworthy that that decision had not been rendered at the time of the trial of this action.

During the progress of the trial of the action now before us, the court used every endeavor to avoid prejudicing the jury by testimony regarding the fact that the defendant company was insured, but such course did not remove the prejudicial effect of the error already committed.

In the *Woolworth Case* we held that such questions to prospective jurors on *voir dire* examination, after seasonable objection interposed, constitute prejudicial error. And now, in view of the facts before us in this case, we are constrained to enforce the penalty and order a new trial.

2. Error is assigned respecting five of the court's instructions given to the jury, over defendants' objections. We have

made careful study of the instructions complained of, and have considered them in the light of the evidence and of other instructions given, and find no merit in the defendants' complaint regarding them.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Silver Bow county, with direction to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.