KENNETH HAYWARD, Plaintiff and Appellant, *v.* RICHARDSON CONSTRUCTION COMPANY, a corporation, Defendant and Respondent.

No. 9853.
Submitted November 9, 1959. Decided December 9, 1959.
347 Pac. (2d) 475.

See **C. J. S.** Vehicles, § 518.

Maury, Shone & Sullivan, Butte, for appellant.

James P. Lucas, Miles City, Coleman, Lamey & Crowley, Billings, for respondent. Mr. Shone and Mr. Crowley argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff has appealed from a judgment entered on a verdict in favor of defendant, dismissing the action and awarding costs to defendant.

The complaint is for damages for personal injuries sustained by plaintiff when a truck driven by an employee of defendant, while acting within the course and scope of his employment, collided with plaintiff's automobile at about 7:45 a. m. on June 14, 1956.

Plaintiff was driving his automobile westerly on Montana Highway No. 8, about 28 miles westerly from Broadus, Powder River County. Defendant's employee was operating a dump truck in highway construction and moving in the opposite direction. Plaintiff alleges the collision was proximately caused by the separate and ununited but concurrent negligent acts of defendant and of defendant's employee in driving the dump truck in a negligent manner, the particulars of which negligence being specifically alleged; that plaintiff's left arm was crushed, mangled, and so broken that an amputation thereof at the elbow was necessary and he sustained other injuries. Plaintiff likewise incurred hospital and medical bills.

Defendant's general demurrer to the complaint was overruled.

Defendant's answer alleged that one Frank E. Olson was employed by defendant as a subcontractor; that plaintiff was employed by the subcontractor and was engaged within the course and scope of his employment by Olson at the time and place of the accident; admits the collision caused plaintiff serious and permanent injury, but denies that plaintiff sustained injury by reason of any act or omission of defendant. Denies that the plaintiff has sustained any medical or hospital expenses as the result of the accident, and generally denies the other allegations of the complaint.

As a first affirmative defense, defendant relies upon contributory negligence of plaintiff as being the proximate cause of his injuries.

As a second affirmative defense, defendant relies upon the alleged fact that plaintiff assumed the risk of all injury resulting from the accident complained of.

As a third affirmative defense, defendant alleges in detail the particulars of the road construction project contract, consisting of eleven pages, including the election of defendant and the subcontractor to be bound by Plan 3 of the Workmen's Compensation Act of the State of Montana, R.C.M. 1947, sec. 92-101 et seq., and alleges that plaintiff was also bound by that Act, and ''that thereafter the plaintiff petitioned the Industrial Accident Fund of the State of Montana for the workmen's compensation payment provided to the plaintiff under the terms and provisions of the Montana Workmen's Compensation Act, and was awarded the workmen's compensation payments therein provided for, and in addition the said Industrial Accident Fund has paid for the medical and hospital expenses incurred by the plaintiff as the result of said accident.''

It further alleged in substance that plaintiff because of the foregoing is barred from recovery in this action.

At the trial the court sustained an objection to the introduction of any evidence under the third affirmative defense and instructed the jury to disregard all pleadings and statements of counsel concerning that defense. The jury returned a verdict for defendant. Plaintiff's motion for new trial was denied and he has appealed from the judgment entered on the verdict.

Plaintiff has made several assignments of error but they severally present but one question, i. e., is the evidence sufficient to sustain the verdict? His contention is that the undisputed physical facts are such that only one verdict is possible and that is one for plaintiff, and in consequence this court should from those physical facts determine defendant's liability and remand the case for jury trial on the question of the amount of damages only. In view of the reliance by plaintiff upon the physical facts, we have given special consideration to all the evidence bearing on that issue.

Plaintiff relies on certain facts which he contends establishes the point of impact of the two cars where he said it was, viz., on his right hand or north side of the highway and which he contends negatives defendant's contention that the point of impact was on the south side of the highway or on plaintiff's left hand side of the highway, and thus establishes one ground of negligence relied on by plaintiff, viz., that defendant's driver was driving on the wrong side of the highway.

Careful consideration of all the evidence convinces us that the evidence showing the physical facts is conflicting. We do not have a case where there are undisputed physical facts such as contended for by plaintiff.

Photographs in evidence taken after the collision show that the left front end of plaintiff's car extended over the center of the highway so that it projected slightly to the left of the center of the highway as he was traveling westerly.

There were gouge marks on the highway, testified to by several witnesses and which in their opinion were made by plaintiff's car, extending for several feet easterly and southerly of where the car finally came to rest and which likewise extended to plaintiff's left of the center line of the highway as much as two or three feet.

The evidence offered by plaintiff, tending to show that plaintiff's car was pulled to its left by the truck after the impact, simply presented a conflict in the evidence for determination by the jury.

Likewise the tracks of the truck after, as well as before, the collision were traced by witnesses as being on its right hand side of the highway prior to and at the time of the impact. Later it swung to its left and came to rest on the north side of the highway after the driver had lost control of the steering wheel. But, as above noted, at and prior to the impact there was evidence that the truck was on its side of the highway.

However, plaintiff contends that the evidence of shattered glass and chrome found on the highway indicates that the im-

pact was on plaintiff's right hand lane, and hence that defendant's car was driven on the left of the center line of the highway, but even as to the debris there was some evidence that it was "scattered all over" for a distance of thirty or forty feet.

Upon a careful review of all the evidence, our conclusion is that the evidence made out a case for the jury justifying a verdict either way, and in such circumstances we will not disturb the jury's verdict, based as it is on substantial evidence. Weakley v. Cook, 126 Mont. 332, 249 Pac. (2d) 926; Lake v. Webber, 120 Mont. 534, 188 Pac. (2d) 416.

This case calls for repetition of the language used by the ██ Supreme Court of Minnesota in Romann v. Bender, 190 Minn. 419, 252 N. W. 80, 82, where it said: "What will happen when two cars meet head-on or at an angle, one or both going from 30 to 40 miles per hour just before meeting, is beyond safe prediction; and especially it is so when their drivers are consciously or involuntarily seeking to direct their movements. Surprising results sometimes follow, and after a collision the markings on the cars and on the road and the location of the cars are not sure proof of just how the accident happened, though they may be helpful to the jury." And compare Walsh v. Butte, A. & P. R. Co., 109 Mont. 456, 97 Pac. (2d) 325, and Hill v. Haller, 108 Mont. 251, 90 Pac. (2d) 977.

It is only when the physical facts are undisputed that they ██ control over testimony within the rule of the case of Morton v. Mooney, 97 Mont. 1, 33 Pac. (2d) 262; Casey v. Northern Pac. R. Co., 60 Mont. 56, 198 Pac. 141, and kindred cases.

Since the evidence regarding the physical facts is conflicting and since there is substantial evidence supporting the verdict of the jury, we are not at liberty to interfere with the jury's verdict.

It is true as stated in the dissenting opinion of Mr. Justice Bottomly that there is physical evidence indicating that the impact occurred on plaintiff's side of the highway. But, as above-noted, there is physical evidence equally as positive that

it occurred on the south side of the highway or on the side of the highway rightfully occupied by defendant's truck. This made the question one for the jury. The fact that the right rear wheel of plaintiff's car, when it came to rest, was but a few inches from the north shoulder of the highway is of no particular significance because the rear end of plaintiff's car when it was struck head-on, on the left side of its front end, would naturally swerve to the right at the moment of impact because of the momentum of the car at the time of, and prior to, the impact.

It is suggested by counsel for plaintiff that the judgment should be reversed because of the court's action regarding the third separate defense.

As above-noted, that defense pleaded that plaintiff is barred from recovery because of having been paid workmen's compensation. The demurrer to that defense was first overruled and then a reply thereto was filed. At the trial the court properly sustained an objection to the introduction of any evidence under that defense.

At plaintiff's request the court gave the following instruction:

"You are instructed that in this case the defendant has interposed as a defense the fact that the plaintiff, Kenneth Hayward, and his employer, Frank E. Olson, were enrolled under and bound by the provisions of the Workmen's Compensation Act of the State of Montana and that, therefore, plaintiff's sole and exclusive remedy for his injuries is to receive compensation from his employer, Frank E. Olson, and that plaintiff cannot maintain this action against the defendant, Richardson Construction Company.

"The Court, after hearing the evidence in this case, now passes upon this question as a matter of law and now charges you that you are to disregard all pleadings and statement of counsel concerning this defense and you will not consider this defense in arriving at your verdict in this case."

In the early case of Pascoe v. Nelson, 52 Mont. 405, 158 Pac.

317, 318, this court held that an error, in parading before the jury the fact that defendant carried insurance, could be cured by an instruction. The court in speaking on the point said: ''Assuming, however, that counsel made the remarks attributed to him, a proper admonition to the jury to disregard them ought to have been sufficient. So long as the jury system is in vogue courts must assume that jurors possess sufficient intelligence and force of character to discharge their duty when properly directed.''

Later cases indicate that the prejudicial effect of such evidence may not be removed by admonition on the part of the court. Wilson v. Thurston Co., 82 Mont. 492, 267 Pac. 801, and Vonault v. O'Rourke, 97 Mont. 92, 33 Pac. (2d) 535. We would be going far afield were we to assume that the jury did not follow the instruction here given to disregard all reference to workmen's compensation.

Rather, we think it is a fair inference that the jury did follow the instruction and found for defendant on the question of liability rather than because of this alleged defense. Jurors like others are quite generally aware that workmen's compensation is but an inadequate substitute for the actual damages sustained by the injured workman. There is no award for pain and suffering and the weekly dole can in no case exceed a period of 500 weeks and at best it is but a partial payment for the actual loss sustained. It is a fair assumption that jurors are intelligent enough to know what most everyone else knows. Had they thought the plaintiff had received the maximum compensation allowed by law it would only have served to reduce the amount of their verdict in case plaintiff was entitled to prevail on the issue of negligence.

Having found in favor of defendant, it is a fair assumption that the verdict was based on plaintiff's failure to prove by a preponderance of the evidence that defendant was negligent rather than on the suggestion that plaintiff had received workmen's compensation.

Likewise, under the circumstances here shown, the question ██ is not properly before us for review. When the answer containing this defense was read to the jury (if in fact it was read to it) there was no objection made by plaintiff.

Likewise if, in the opening statement of counsel for defendant, reference was made to workmen's compensation there was no objection made by plaintiff. True, plaintiff had filed a demurrer to that part of the answer which had been overruled. That saved the point as to the sufficiency of the answer to state facts sufficient to constitute a defense. But the demurrer did not raise the question of the prejudicial effect of that plea on the minds of the jurors. Nowhere in the record was there objection made on that ground.

Likewise, the first instruction given to the jury submitted the ██ pleadings to the jury by consent of counsel for both parties. Presumably that was done without deleting from the answer the alleged third defense. At some stage of the case, plaintiff must object to the improper matter going before the jury as being calculated to excite prejudice before he is in a position to complain. In other words, plaintiff must obtain an adverse ruling by the court on the point before he is in a position to contend that the court committed some error.

Also plaintiff's motion for a new trial predicated error in only two respects:

1. Insufficiency of the evidence to justify the verdict; and 2. That the verdict is against law.

The statute, section 93-5603, has as one of the grounds for a new trial the following:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which either party was prevented from having a fair trial." This is not one of the grounds assigned by plaintiff for motion for new trial.

The record shows no objection to the matter of parading before the jury the fact that plaintiff was paid workmen's com-

pensation. When that is so, plaintiff is in no situation to complain.

For the benefit of litigants and counsel in future cases, we think one further point should be considered though it is not controlling in this case.

In the case of Robinson v. F. W. Woolworth Company, 80 Mont. 431, 261 Pac. 253, this court ruled by way of dictum that there is no such thing in this state as a motion to declare a mistrial. That case is contrary to the rule recognized throughout the country. See 88 C.J.S. Trial, sec. 202, p. 401.

The proper practice was declared in Allen v. Garibaldi, 187 N. C. 798, 123 S. E. 66, 67, where the court in considering this question said: "* * * we think the defendant's motion for a new trial, after verdict, upon the ground stated, must be overruled. The court sustained the defendant's objection, and this was all that he was asked to do at the time. There was no motion for a mistrial, or *venire de novo,* because of these alleged improper questions. Defendant elected to proceed with the trial and to take his chances with the jury as then impaneled. Indeed, it appears that counsel for both sides, during the argument, cautioned the jury to disregard the suggestion of liability insurance, as there was no evidence in the case tending to show its existence. Evidently the defendant did not consider it of sufficient importance on the trial to ask that a juror be withdrawn and a mistrial entered.''

Whenever it appears that there has been such misconduct in ▇ a trial, or prejudicial matter has been allowed to go to the jury, without opportunity to object in advance, the effect of which cannot be removed by an admonition on the part of the court, the aggrieved party may move the court to declare a mistrial. Failing in that, he will be deemed to have taken his chances with the jury.

The Robinson case, supra, 80 Mont. 431, 261 Pac. 253, so far as it holds to the contrary, is expressly overruled. However, at the time of the trial it constituted the law in this state and

plaintiff was entitled to rely on it. The change in the holding of that case should properly affect only future cases. Montana Horse Products Co. v. Great Northern R. Co., 91 Mont. 194, 7 Pac. (2d) 919; Sunburst Oil & Refining Co. v. Great Northern R. Co., 91 Mont. 216, 7 Pac. (2d) 927; State ex rel. Mueller v. Todd, 117 Mont. 80, 158 Pac. (2d) 299; Continental Supply Co. v. Abell, 95 Mont. 148, 24 Pac. (2d) 133; State v. Simanton, 100 Mont. 292, 49 Pac. (2d) 981.

Here, plaintiff was not deprived of the opportunity to interpose an objection, raising the question of prejudice, before the objectionable matter was brought before the jury. His failure to move for mistrial in this case is not the reason for our refusal to interfere with the jury's verdict as assumed in the dissenting opinion. Having failed to interpose an objection before the objectionable matter was brought to the attention of the jury and having failed to obtain an adverse ruling by the lower court, on the prejudicial effect of the matter now complained of, there is no question before us for determination. Compare Roman v. Albert, 81 Mont. 393, 264 Pac. 115, and Fulmer v. Board of Railroad Com'rs, 96 Mont. 22, 28 Pac. (2d) 849.

For the reasons herein stated, the judgment appealed from is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE CASTLES concur.

MR. JUSTICE BOTTOMLY:

I dissent.

In my opinion, the court erred in not sustaining plaintiff's demurrer to defendant's third affirmative defense, by which defense it was set forth as a fact that the plaintiff and his employer were enrolled under, and were bound by the provisions of the Workmen's Compensation Act; that therefore plaintiff's sole and exclusive remedy for his injuries was from his employer, Frank E. Olson; that plaintiff was awarded workmen's compensation payments provided by said Act; that in addition

the state industrial accident fund has paid for the medical and hospital expenses incurred by plaintiff as the result of said accident; and that by reason of such industrial accident coverage plaintiff could not maintain this action.

The district judge, to whom the demurrer was presented, should have sustained it, in order that the matter would not have been brought before the jury to the prejudice of the plaintiff. The court did however instruct the jury, at the conclusion of the evidence, to disregard all pleadings and statements of counsel concerning this defense, and to not consider such defense in arriving at their verdict. However, it must be realized that plaintiff's case had been prejudiced by such pleading and argument; the damage had already been done, and the plaintiff did not have a legal and fair trial. This is reversible error. The trial court should have corrected this error by granting the motion of the plaintiff for a new trial.

This court, or any court, must be naive indeed not to realize that telling the jury the plaintiff had been paid in full for his injury was not a determining factor in their verdict. The mere mention of insurance to a jury is reversible error in all but four states, and Montana is not one of the four. 4 A.L.R. (2d) 761. Neither does an instruction cure such error. Vonault v. O'Rourke, 97 Mont. 92, 33 Pac. (2d) 535, and cases therein cited.

The harm had been accomplished in this case before the demurrer was finally sustained. Prejudice was already apparent. Nor is it a solution to say now that a motion for mistrial would be proper in future cases. The appellant had asked the judge to rule in his favor and the judge had so ruled. The ruling came so late in the trial however that the plaintiff's case had already been prejudiced. The plaintiff of course would not take exception to a ruling in his favor. There is no statutory provision in this state for *either* a motion for a mistrial nor any statutory authority for a judge to declare a mistrial as in some other states. Here again the majority of this court is assuming

the prerogative of the legislature and legislating by initiating a new procedure. They say that this will only apply in future cases. If that is so then they should be consistent and apply the rule advocated by the dissent in Vonault v. O'Rourke, supra, and here, by the majority, also only to future cases.

In my opinion, the evidence preponderates in favor of plaintiff, and is insufficient to sustain the verdict in favor of the defendant. This is a case in which there are undisputed physical facts which control the opinion testimony. Such physical facts are common knowledge and should not be set aside and disregarded by a jury or by courts.

The physical law of impact clearly and conclusively demonstrates that the impact point of this collision between defendant's truck and plaintiff's car occurred where the glass, chrome and other debris from plaintiff's car was found. The presence of mud and dirt which was knocked loose from the rear end of plaintiff's car directly underneath the final stopping position of plaintiff's vehicle conclusively proved where the collision occurred. The glass, chrome and other debris from the front of plaintiff's car was some six to eight feet directly in front of the final stopping position of plaintiff's car. The right rear wheel of plaintiff's car was inches from the north shoulder of the highway. These unchangeable facts demonstrate beyond question, conjecture, or surmise that plaintiff's car was on its own right side of the traveled part of the highway when struck by defendant's negligently driven truck, which from such facts must have been traveling on its left and consequently wrong side of the traveled part of the highway. These physical facts were most graphically portrayed by plaintiff's Exhibit "B" and "C" and were not explained away by defendant. In fact, the evidence of defendant's truck driver cannot be reconciled with the physical facts. The impact could not possibly have been at defendant's designated point "O" of the composite exhibit.

The general rule in such matters is that the testimony of a witness should be rejected and disregarded where it is contrary

to or opposed to laws of nature or physical law. It is well-stated that testimony at war with physical facts and laws within the knowledge of common experience will be disregarded and treated as though it had not been spoken.

In reviewing the evidence in this kind of a case, this court is bound to exercise its intelligence, and in doing so must recognize that certain facts are controlled by physical laws of nature, and when the testimony of a witness appears inherently improbable because in conflict with natural law, this court should not hesitate to reverse the judgment, or set it aside and order a new trial.

The testimony of plaintiff and his witnesses is harmonious, reasonable and consistent with the physical facts, however, the jury disregarded this testimony. The jury may not so arbitrarily and capriciously do so, neither may juries as here, disregard testimony of witnesses, which has not been impeached, but which evidence is supported by the facts in the case. See Morton v. Mooney, 97 Mont. 1, 33 Pac. (2d) 262; Casey v. Northern Pac. R. Co., 60 Mont. 56, 198 Pac. 141. Under such circumstances, even where the evidence may seem to be conflicting, this court will, upon application, order a new trial, where the district court has refused to grant a new trial. See Driscoll v. Market St. Cable Ry. Co., 97 Cal. 553, 32 Pac. 591, which sets forth the rule especially applicable here. See also Mullen v. City of Butte, 37 Mont. 183, 95 Pac. 597. Under such facts the trial judge should, without hesitation, set aside the verdict and grant a new trial. In the event he does not do so, this court should not abdicate its duty to give justice to any litigant, merely because of a jury verdict, when such jury verdict is obviously predicated upon an erroneous construction of the facts.

Because of the foregoing errors, facts and circumstances and in order that the plaintiff may have a fair and lawful trial, I would reverse the judgment of the district court and direct a new trial.

MR. JUSTICE ADAIR, dissenting:

I concur in the above dissenting opinion by Mr. Justice Bottomly.