James R. WALTON, Plaintiff in Error,

v.

William D. BENNETT, Defendant in Error.

No. 39998.

Supreme Court of Oklahoma.

Nov. 7, 1962.

Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

Arney & Arney, Weatherford, for defendant in error.

DAVISON, Justice.

Appeal by James R. Walton (defendant below) from a judgment rendered on jury verdict in favor of William D. Bennett (plaintiff below) in an action for personal injuries arising from collision of automobiles. The parties will be referred to as they appeared in the lower court.

Plaintiff's petition alleged that the collision occurred on October 19, 1960, on Main Street in Weatherford, Oklahoma, when the car driven by defendant crossed over on the wrong side of the street and into the car driven by plaintiff causing the plaintiff to suffer certain described personal injuries and consequent pain and suffering and loss of earnings, for which he sought $4500 damages; that defendant, at the time, was intoxicated and thereby guilty of gross and malicious acts and gross and reckless disregard for the rights of plaintiff whereby plaintiff seeks the additional sum of $2500 as exemplary damages; and

that plaintiff is entitled to recover medical expense in the sum of $240.25. The defendant answered by general denial.

The trial was held January 4, 1962. Plaintiff introduced his evidence and rested. Defendant introduced no evidence. The trial court overruled defendant's demurrer to the evidence and motion for directed verdict. The jury returned a verdict for plaintiff for $5,365.25.

Defendant urges as a general proposition that the damages awarded were excessive and were apparently given under the influence of passion or prejudice. Defendant cites 23 O.S.1961 § 97, providing that "Damages must, in all cases, be reasonable, * * *" and contends that a jury award for personal injuries and pain and suffering will be reduced when found to be excessive and that in determining whether a verdict is excessive, the court will consider all relevant circumstances and must be determined from the facts in the individual case. Citing Missouri-Kansas-Texas Railroad Co. v. Edwards, Okl., 361 P.2d 474; Missouri-Kansas-Texas Railroad Co. v. Edwards, Okl., 361 P.2d 459; and St. Louis-San Francisco Railway Co. v. Fox, Okl., 359 P.2d 710; wherein under the circumstances there presented, we affirmed jury verdicts for damages for personal injuries and pain and suffering, subject to remittitur. We point out that there is a distinguishing feature in that in the cited cases the verdicts did not include recovery for exemplary damages.

The record reflects that plaintiff at the time of the accident was a student, 21 years of age, attending college in Weatherford; that plaintiff was driving at about 10 miles per hour and to the right of the center line, and that defendant was driving at from 40 to 50 miles per hour from the opposite direction, in plaintiff's traffic lane, and crashed head-on with plaintiff's car; that plaintiff's left knee sustained a mild contusion and his right knee a severe contusion and strain, but no fracture and an upper central tooth was loosened and fractured at the edge; and that plaintiff took physiotherapy treatment for the knee condition. Plaintiff testified that he suffered great pain after the accident and that thereafter the right knee was weak, painful and ached and that he had to exercise care in that on occasion it would give way or "lock." A doctor testified plaintiff should avoid strenuous activity and that there was present a permanent residual disability of the right knee. A dentist testified that from examination shortly after the accident and again a short time before the trial that the tooth should be pulled and replaced with bridgework. Plaintiff's doctor bills were $110 and dental expense, past and prospective, were $229. There was no proof of loss or impairment of earning capacity except $48 for lost time from a student laboratory job. Plaintiff was employed as a civilian in Army weapons analysis at the time of the trial.

■ The verdict provides no clue as to what part thereof was for damages for personal injuries. This presents the obvious difficulty of determining to what extent the damages allowed for personal injuries were excessive. This court has held that there is no absolute standard to measure damages for personal injuries, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. Shebester, Inc. v. Ford, Okl., 361 P.2d 200.

In further elaboration of his contention that the verdict was excessive, as compared to the real detriment suffered by plaintiff and the reasonable exemplary damages, if any, chargeable to defendant, it is urged that the evidence of plaintiff was such as to excite or create passion or prejudice on the part of the jury. It is our interpretation of defendant's argument that his complaint is to the excessive amount of the damages awarded and not that plaintiff's evidence did not justify submission of the determination of exemplary damages to the jury. The testimony of plaintiff and two police officers was that following the accident the defendant appeared to be violently angry, tried to fight, uttered obscene words,

accused his wife of getting him drunk and calling the police and that in the opinion of the witnesses the defendant was intoxicated. The testimony also reflected that defendant was handcuffed in order to restrain him. The obvious purpose of plaintiff in introducing such evidence was to present proof that would satisfy the requirements of 23 O.S.1961 § 9, as interpreted in Oden v. Russell, 207 Okl. 570, 251 P.2d 184, and Wootan v. Shaw, 205 Okl. 283, 237 P.2d 442, and justify a recovery of exemplary damages.

▪ In Cities Service Oil Co. v. Merritt, Okl., 332 P.2d 677, we stated:

"Exemplary damages are allowable by way of punishing defendant for malicious or wilful and wanton invasion of plaintiff's rights, purpose being to restrain him and deter others from commission of like wrongs (23 O.S.1951, § 9); and jury's allowance of exemplary damages will not be held excessive unless it appears to be grossly so or result of passion, prejudice or improper sympathy."

Again we are in effect presented with the problem of determining what portion of the jury's verdict was an award of excessive exemplary damages. The jury made no itemization of the damages and we are unable to make any logical separation of the compensatory damages and say the exemplary damages are excessive.

▪ Defendant further contends that plaintiff made it appear to the jury that defendant was covered by liability insurance, causing the jury to render an excessive verdict. This is based upon the questions and answers elicited by plaintiff's counsel from plaintiff's witness who was a passenger in plaintiff's car. They are as follows:

"Q Were you injured in the accident?

"A No, sir.

"Q You haven't made any claim against anybody that was involved in the accident?

"A I settled a claim right after the accident.

"MR. MEACHAM: I object to that answer and ask that it be stricken and the jury admonished not to consider it.

"THE COURT: This party is not involved in this law-suit, so that objection is sustained. The jury will please disregard the answer, and it is stricken from the record."

The record does not show there was any further discussion between the attorneys and the court as to whether the answer conveyed to the jury the thought or information that either or both parties had liability insurance. Defendant made no further objection or motion for a mistrial. The prejudice to defendant caused by plaintiff suggesting or effectively informing the jury through irrelevant testimony that defendant is covered by liability insurance has been stated many times by this court and the trial court's failure to discharge the jury and declare a mistrial upon proper motion has been held to be reversible error or grounds for remittitur. An admonition to the jury to disregard same will not necessarily cure the prejudice. Pratt v. Womack, Okl., 359 P.2d 223, and Dolliver v. Lathion, 183 Okl. 329, 82 P.2d 675.

Assuming that the statement of the witness elicited by plaintiff's attorney did inform the jury that defendant was covered by liability insurance, is the defendant in a position to complain that by reason thereof the jury awarded excessive damages? As shown by the above quoted portion of the record the trial court sustained the defendant's objection and admonished the jury to disregard the answer and struck it from the record. The trial court did all that the defendant requested it to do. However, if defendant's contention is correct, the admonition did not necessarily cure the prejudice and a motion for mistrial would have presented to the trial court the question of the existence of prejudice. No such motion was presented. Apparently the defendant chose to take his chances with the jury.

Our decision in Muenzler v. Phillips, Okl., 276 P.2d 221, contains facts having some similarity to those in the instant appeal. In that case there was testimony that defendant carried insurance and there was no motion to strike the objected-to testimony, or to instruct the jury not to consider it, or for a mistrial. As to such omission we said:

"If the evidence was improper and an instruction to the jury not to consider it was not sufficiently curative, then the error of the trial court, if any, would be the failure to adjudge a mistrial after proper motion therefor. * * *"

In 53 Am.Jur., Trial, Sec. 967, 1962 Cum. Supp., p. 79, it is stated:

"If it appears that there has been such misconduct in a trial, or prejudicial matter has been allowed to go to the jury, without opportunity to object in advance, the effect of which cannot be removed by an admonition on the part of the court, the aggrieved party may move the court to declare a mistrial, but failing in that, he will be deemed to have taken his chances with the jury."

See also Hayward v. Richardson Construction Co., 136 Mont. 241, 347 P.2d 475, 480, 77 A.L.R.2d 1144, and Segebart v. Gregory, 160 Neb. 64, 69 N.W.2d 315, 320, 321.

It is our conclusion that the trial court, having sustained defendant's objection and ordered the objectionable testimony stricken and admonished the jury to disregard the same, this court will not review such testimony, in the present circumstances, in the absence of presentation of error by the trial court in refusing to adjudge a mistrial after proper motion therefor.

■ In Jones v. Eppler, Okl., 266 P.2d 451, 459, 48 A.L.R.2d 333, we quoted with approval as follows:

" 'In an action for damages for personal injuries sustained, the court will not set a judgment aside because of excessive damages, unless the amount awarded clearly shows that the jury was actuated by passion, partiality or prejudice.' "

■ From our examination of the record as heretofore expressed herein we cannot say that the jury rendered a verdict for excessive damages.

Affirmed.